**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | CASE NO.  21-cv-00616-RP |
| AUSTIN REEVE JACKSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR
CERTIFICATION OF A DEFENDANT CLASS OF JUDGES
AND A DEFENDANT CLASS OF CLERKS**

## TABLE OF CONTENTS

**Page**

I.    STATEMENT OF THE CASE................................................................................. 1

II.   THE DEFENDANT CLASSES AND STATEMENT OF THE CLASS
      REPRESENTATIVES' QUALIFICATIONS AS CLASS MEMBERS ......................... 3

III.  THE PROPOSED DEFENDANT CLASSES SHOULD BE CERTIFIED UNDER
      RULE 23(b)(1)(A) ............................................................................................... 4

IV.   THE PROPOSED DEFENDANT CLASSES SATISFY THE REQUIREMENTS
      UNDER RULE 23(a)............................................................................................ 6

      A.   The Numerosity Requirement Is Satisfied............................................. 6

      B.   The Case Presents Common Questions of Law and Fact ...................... 7

      C.   The Class Representatives' Defenses Are Typical of the Claims of Other
           Class Members...................................................................................... 8

      D.   The Class Representatives and Their Counsel Will Fairly and Adequately
           Protect the Interests of the Defendant Classes ...................................... 9

V.    THE OTHER REQUIREMENTS OF APPENDIX A OF LOCAL COURT RULE
      CV-23 ARE SATISFIED..................................................................................... 10

VI.   CONCLUSION.................................................................................................. 10

ny-2125973

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Boos v. AT&T, Inc.*,
  252 F.R.D. 319 (W.D. Tex. 2008) ...................................................................6, 9

*Brown v. Vance*,
  637 F.2d 272 (5th Cir. 1981) ..................................................................................5

*City of San Antonio v. Hotels.com*,
  No. SA-06-CA-381-OG, 2008 WL 2486043 (W.D. Tex. May 27, 2008)...............7

*Danforth v. Christian*,
  351 F. Supp. 287 (W.D. Mo. 1972) (per curiam) .................................................6

*In re Deepwater Horizon*,
  739 F.3d 790 (5th Cir. 2014) ................................................................................7

*Ibarra v. Tex. Emp't Comm'n*,
  598 F. Supp. 104 (E.D. Tex. 1984).......................................................................7

*Ibe v. Jones*,
  836 F.3d 516 (5th Cir. 2016) ................................................................................7

*Jackson Women's Health Org. v. Dobbs*,
  951 F.3d 246 (5th Cir. 2020)................................................................................2

*Kendall v. True*,
  391 F. Supp. 413 (W.D. Ky. 1975).......................................................................5

*Lake v. Speziale*,
  580 F. Supp. 1318 (D. Conn. 1984)......................................................................5

*Langbecker v. Elec. Data Sys. Corp.*,
  476 F.3d 299 (5th Cir. 2007) ...............................................................................4

*Miss. State Chapter, Operation Push, Inc. v. Mabus*,
  932 F.2d 400 (5th Cir. 1991) ...............................................................................6

*Moe v. Dinkins*,
  No. 80 CIV. 1577 (CBM), 1981 U.S. Dist. LEXIS 13253 (S.D.N.Y. June 29,
  1981) ....................................................................................................................6

*Monaco v. Stone*,
  187 F.R.D. 50 (E.D.N.Y. 1999).............................................................................5

*Planned Parenthood of Se. Pa. v. Casey*,
   505 U.S. 833 (1992).........................................................................................................2

*Redhail v. Zablocki*,
   418 F. Supp. 1061 (E.D. Wis. 1976).................................................................................6

*Stoffels v. SBC Commc'ns, Inc.*,
   238 F.R.D. 446 (W.D. Tex. 2006) ....................................................................................8

*Strawser v. Strange*,
   307 F.R.D. 604 (S.D. Ala. 2015) ......................................................................................5

*Tex. Med. Providers v. Lakey*,
   806 F. Supp. 2d 942 (W.D. Tex. 2011) (Sparks, J.), *rev'd on other grounds*,
   667 F.3d 570 (5th Cir. 2012).........................................................................................5, 9

*Tilley v. TJX Cos.*,
   345 F.3d 34 (1st Cir. 2003)................................................................................................4

*In re TWL Corp.*,
   712 F.3d 886 (5th Cir. 2013).............................................................................................6

*Vita Nuova, Inc. v. Azar*,
   No. 4:19-CV-00532-O, 2020 WL 8271942 (N.D. Tex. Dec. 2, 2020)...............................8

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)...........................................................................................................7

*Zeidman v. J. Ray McDermott & Co.*,
   651 F.2d 1030 (5th Cir. 1981)...........................................................................................6

**Statutes**

TEX. CONST. art. V, § 1 .........................................................................................................3, 7

TEX. CONST. art. V, § 8 .........................................................................................................3, 7

TEX. CONST. art. V, § 9 .........................................................................................................3, 7

42 U.S.C. § 1983 ......................................................................................................................4

Tex. Civ. Prac. & Rem. Code § 30.022 ...................................................................................2

Tex. Gov't Code § 26.042........................................................................................................7

Tex. Health & Safety Code § 171.203 .....................................................................................1

Tex. Health & Safety Code § 171.204 .....................................................................................1

ny-2125973

**Other Authorities**

Fed. R. Civ. P. 23 ..................................................................................................... *passim*

Local Court Rule CV-7(g) ...................................................................................................10

Local Court Rule CV-23 ..................................................................................................1, 10

Tex. R. Civ. P. 22–27, 99.......................................................................................................2

7A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal
    Practice & Procedure § 1763 (3d ed. 2021) ........................................................8

2 Newberg on Class Actions § 5:20 (5th ed.)............................................................4

In this action challenging the constitutionality of Texas Senate Bill 8, 87th Leg., Reg. Sess. (Tex. 2021) ("the Act" or "S.B. 8"), Plaintiffs move for certification of two defendant classes under Federal Rule of Civil Procedure 23 and Local Court Rule CV-23.  The first proposed class consists of all non-federal judges in the State of Texas with jurisdiction over civil actions and the authority to enforce the Act ("Judicial Defendant Class").  The second proposed class consists of the clerks in all non-federal courts in the State of Texas with jurisdiction over civil actions and the authority to enforce the Act ("Clerk Defendant Class").  The proposed defendant class representatives are the Honorable Austin Reeve Jackson of the 114th District Court and Penny Clarkston, Clerk for the District Court of Smith County ("Class Representatives").

## I.    STATEMENT OF THE CASE

Plaintiffs include individuals and organizations that provide abortions and/or counseling, funding, and practical assistance to individuals in need of abortion in Texas.[1]  S.B. 8 prohibits physicians from providing an abortion if a "fetal heartbeat," defined to include "cardiac activity," is detected.  S.B. 8 § 3 (to be codified at Tex. Health & Safety Code §§ 171.203, .204) (hereinafter S.B. 8 § 3 citations are to newly created sections of Tex. Health & Safety Code only).  The Act

---

[1] *See* Gilbert Decl. Supp. Pls.' Mot. Summ. J. ¶ 8, ECF No. 19-1; Kumar Decl. Supp. Pls.' Mot. Summ. J. ¶ 4, ECF No. 19-2; Ferrigno Decl. Supp. Pls.' Mot. Summ. J. ¶ 6, ECF No. 19-3; Klier Decl. Supp. Pls.' Mot. Summ. J.   ¶ 2, ECF. No 19-4; Lambrecht Decl. Supp. Pls.' Mot. Summ. J.¶¶ 6–7, ECF No. 19-5; Linton Decl. Supp. Pls.' Mot. Summ. J. ¶ 6, ECF No. 19-6; Hagstrom Miller Decl. Supp. Pls.' Mot. Summ. J. ¶¶ 8–9, ECF No. 19-7; Braid Decl. Supp. Pls.' Mot. Summ. J.   ¶¶ 5–6, ECF No. 19-8; Rosenfeld Decl. Supp. Pls.' Mot. Summ. J. ¶ 2, ECF No. 19-9; Barraza Decl. Supp. Pls.' Mot. Summ. J. ¶ 6, ECF No. 19-10; Sadler Decl. Supp. Pls.' Mot. Summ. J. ¶¶ 7, 16, ECF No. 19-11; Zamora Decl. Supp. Pls.' Mot. Summ. J. ¶¶ 1, 6–10, ECF No. 19-12; Jones Decl. Supp. Pls.' Mot. Summ. J. ¶¶ 8–11, ECF No. 19-13; Rupani Decl. Supp. Pls.' Mot. Summ. J. ¶¶ 1, 6–7, ECF No. 19-14; Conner Decl. Supp. Pls.' Mot. Summ. J. ¶¶ 1, 6–9, ECF No. 19-15; Williams Decl. Supp. Pls.' Mot. Summ. J. ¶¶ 1, 5–6, ECF No. 19-16; Kanter Decl. Supp. Pls.' Mot. Summ. J. ¶¶ 11, 17–19, ECF No. 19-17; Forbes Decl. Supp. Pls.' Mot. Summ. J. ¶¶ 5, 12, ECF No. 19-18; Mariappuram Decl. Supp. Pls.' Mot. Summ. J. ¶¶ 1, 6–10, ECF No. 19-19.

1

can be enforced against anyone who (1) provides a prohibited abortion, (2) aids or abets a prohibited abortion, or (3) intends to do either of these things.  *Id.* § 171.208(a).  The Act further imposes a fee-shifting scheme that penalizes anyone challenging an abortion restriction in Texas who is not meritorious on all claims, even if the challenger is successful in invalidating and enjoining the challenged law.  S.B. 8 § 4 (to be codified at Tex. Civ. Prac. & Rem. Code § 30.022) (hereinafter S.B. 8 § 4 citations are to newly created sections of Tex. Civ. Prac. & Rem. Code).

The Act is patently unconstitutional.  States may not ban abortion before viability.  *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 879 (1992).  Because the electrical impulses in an embryo that could constitute "cardiac activity" are generally detectable by about six weeks of pregnancy, the Act prohibits abortion in Texas roughly four months before viability, and "[t]hat dooms" it.  *Jackson Women's Health Org. v. Dobbs*, 951 F.3d 246, 248 (5th Cir. 2020); Pls.' Mot. Summ. J. at 7–8, 22–24, ECF No. 19; Gilbert Decl. Supp. Pls.' Mot. Summ. J. ¶¶ 18–20, ECF No. 19-1; Kumar Decl. Supp. Pls.' Mot. Summ. J. ¶ 9, ECF No. 19-2; Rosenfeld Decl. Supp. Pls.' Mot. Summ. J. ¶ 4, ECF No. 19-9; Braid Decl. Supp. Pls.' Mot. Summ. J. ¶¶ 7–8, ECF No. 19-8.

The Act bars government officials from bringing civil or criminal actions to enforce it directly. Instead, it provides that individuals *other than government officials* may bring private civil actions in Texas state court against abortion providers and others who violate the law.  S.B. 8 § 171.207.  These enforcement actions would begin with the filing of petitions with the court clerks, who are responsible for accepting the filings, opening the actions in the docket, and issuing citations directing the defendants to answer the petitions and enabling service of process.  Tex. R. Civ. P. 22–27, 99. The judges then "shall award" injunctive relief, monetary penalties in "an amount of not less than $10,000" per abortion, and the claimant's costs and attorney's fees for any violation.  S.B. 8 § 171.208(b).

## II.   THE DEFENDANT CLASSES AND STATEMENT OF THE CLASS REPRESENTATIVES' QUALIFICATIONS AS CLASS MEMBERS

Plaintiffs seek to certify two defendant classes.  The Judicial Defendant Class consists of all non-federal judges in the State of Texas with jurisdiction over the civil actions created by the Act and authority to enforce the Act.  The Clerk Defendant Class consists of the clerks of the courts in which the members of the Judicial Defendant Class preside.

Defendant Jackson, the proposed class representative of the Judicial Defendant Class, is the judge in the 114th District Court, which has jurisdiction over civil claims with an amount in controversy of over $200.  *See* TEX. CONST. art. V, §§ 1, 8.  The Act states that enforcement actions may be brought in any Texas county, providing that "[a]ny person" (other than government officials) can sue, S.B. 8 § 171.208(a), in their "county of residence," *id.* § 171.210(a)(4).  Thus, Defendant Jackson is charged with enforcing compliance with the Act against Plaintiffs by, at a minimum, imposing the Act's mandatory civil remedies.

Defendant Clarkston, the proposed class representative of the Clerk Defendant Class, is the Clerk for the District Court of Smith County, which has jurisdiction over civil claims with an amount in controversy over $200. *See* TEX. CONST. art. V, §§ 1, 8, 9.  As discussed, the Act states that enforcement actions may be brought in any Texas county where a claimant resides.  Defendant Clarkston is directed to accept filing of and issue citations for service of process in actions filed in Smith County, including actions brought against Plaintiffs under S.B. 8—which are designed to impose significant burdens on Plaintiffs regardless of whether they ultimately prevail in the actions, *see* Pls.' Mot. Summ. J. at 9–13, 28–35, 49, ECF No. 19.

In this action, Plaintiffs seek injunctive relief and a declaratory judgment that S.B. 8 is unconstitutional and cannot lawfully be enforced by any Defendant, including, *inter alia*, the Class

3

Representatives.[2]  Accordingly, the Class Representatives are qualified as members of their respective defined classes.

## III.  THE PROPOSED DEFENDANT CLASSES SHOULD BE CERTIFIED UNDER RULE 23(b)(1)(A)

Plaintiffs seek to certify the proposed defendant classes under Rule 23(b)(1)(A), which provides for maintenance of a class action where "prosecuting separate actions by *or against* individual class members would create a risk of" "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." FED. R. CIV. P. 23(b)(1)(A) (emphasis added).  In this case, Plaintiffs are the parties opposing the classes—i.e., the parties on the opposite side of the case from the classes.[3]  Rule 23(b)(1)(A) defendant classes are particularly well suited for cases like this one against officials authorized to enforce a prohibition that the plaintiffs challenge as unconstitutional. "If such a class is *not* certified, plaintiffs may litigate against local officials one by one; if they win some of those cases and lose others, they will be in the peculiar position of traveling through the state with their actions being legal in some places and barred in others."  2 NEWBERG ON CLASS ACTIONS § 5:20 (5th ed.).  This type of situation is "ripe for certification under (b)(1)(A)."  *Id.*

Here, separate actions commenced against individual judges and clerks for the purpose of challenging the constitutionality of the Act may result in inconsistent decisions by the courts

---

[2] Plaintiffs seek only declaratory relief against the Judicial Defendant Class in the first instance.  *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

[3] *Tilley v. TJX Cos.*, 345 F.3d 34, 39 (1st Cir. 2003); *see Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 318 (5th Cir. 2007) ("[C]lassic Rule 23(b)(1) class actions . . . are based on situations 'in which different results in separate actions would impair the opposing party's ability to pursue a uniform course of conduct.'" (citations omitted)); 2 NEWBERG ON CLASS ACTIONS § 5:20 (5th ed.) ("In a *defendant* class action, a court must consider whether the *plaintiffs* will be subject to incompatible standards of conduct if the defendant class is not certified.").

presiding over those actions.  Separate actions could put Plaintiffs in the untenable position of not knowing which of multiple, incompatible interpretations and rulings they must comply with to avoid violating the law and risking severe monetary penalties and injunctions under the Act.  *See, e.g.*, *Tex. Med. Providers v. Lakey*, 806 F. Supp. 2d 942, 954 (W.D. Tex. 2011) (Sparks, J.) (certifying a defendant class of prosecutors under Rule 23(b)(1)(A) because if an abortion restriction were "deemed entirely constitutional in some lawsuits, and partially or wholly unconstitutional in others, people in Texas—abortion providers, pregnant women, and prosecutors [enforcing the act] alike—will be subject to inconsistent standards of conduct" across different parts of Texas), *rev'd on other grounds*, 667 F.3d 570 (5th Cir. 2012).

Courts have certified defendant classes of judges in cases challenging the constitutionality of state statutes or judicial policies.  *See Brown v. Vance*, 637 F.2d 272, 274 n.3 (5th Cir. 1981) (describing a certified defendant class of "[a]ll Justices of the Peace of the State of Mississippi" in a suit challenging the constitutionality of Mississippi's statutory fee system for compensating justice court judges); *see also Strawser v. Strange*, 307 F.R.D. 604, 608, 614 (S.D. Ala. 2015) (certifying a class of "[a]ll Alabama county probate judges who are enforcing or in the future may enforce Alabama's laws barring the issuance of marriage licenses to same-sex couples and refusing to recognize their marriages"); *Monaco v. Stone*, 187 F.R.D. 50, 64–66 (E.D.N.Y. 1999) (certifying a defendant class of local criminal court judges who had authority to involuntarily commit incompetent defendants); *Lake v. Speziale*, 580 F. Supp. 1318, 1320 (D. Conn. 1984) (certifying a "defendant class of the Superior Court Judges of the State of Connecticut" for a suit challenging a judicial policy not to advise indigent defendants of their right to counsel); *Kendall v. True*, 391 F. Supp. 413, 417 (W.D. Ky. 1975) (certifying a class of state-court judges in a constitutional challenge to state mental-health statutes permitting judges to commit mentally ill individuals).

Courts have likewise certified defendant classes of clerks.  *See, e.g.*, *Miss. State Chapter, Operation Push, Inc. v. Mabus*, 932 F.2d 400, 403 (5th Cir. 1991) (defendant class of Mississippi circuit clerks and county registrars); *Danforth v. Christian*, 351 F. Supp. 287, 289–90 (W.D. Mo. 1972) (per curiam) ("defendant class consisting of county clerks and other election officials and authorities in Missouri"); *Moe v. Dinkins*, No. 80 CIV. 1577 (CBM), 1981 U.S. Dist. LEXIS 13253, at *9 (S.D.N.Y. June 29, 1981) (class of city and town clerks throughout New York who issued marriage licenses); *Redhail v. Zablocki*, 418 F. Supp. 1061, 1065 (E.D. Wis. 1976) (class of "all county clerks of counties within the State of Wisconsin").

## IV.  THE PROPOSED DEFENDANT CLASSES SATISFY THE REQUIREMENTS UNDER RULE 23(A)

For both classes, the four prerequisites of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—are readily satisfied in this case.

### A.  The Numerosity Requirement Is Satisfied

To determine whether a class is sufficiently numerous, courts consider class size and other factors, such as "geographic dispersion" that bear on whether joinder is impracticable.  *See In re TWL Corp.*, 712 F.3d 886, 894 (5th Cir. 2013); *Boos v. AT&T, Inc.*, 252 F.R.D. 319, 322 (W.D. Tex. 2008).  There is no bright-line minimum number of class members that satisfies numerosity; even "classes with as few as twenty-five or thirty members have been certified by some courts." *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981); *accord TWL Corp.*, 712 F.3d at 894.  To protect Plaintiffs against enforcement in every Texas county where enforcement could be sought—*see* S.B. 8 § 171.208(a) (providing a right of action to "[a]ny person"); *id.* § 171.210(a)(4) (establishing venue in a claimant's county of residence)—it would be impracticable to join all judges with enforcement power under the Act or all clerks responsible for accepting the filing of enforcement actions and issuing service of process.

6

There are potentially more than 1,000 non-federal judges in Texas who will be conscripted into S.B. 8 enforcement actions and charged with issuing statutory penalties of at least $10,000 per abortion for each person sued.  *Id.* § 171.208(b)(2).  Texas has 482 district court judges alone, all of whom preside in district courts with jurisdiction over civil suits where the amount in controversy exceeds $200.  *See* TEX. CONST. art. V, §§ 1, 8; 2020 Judicial Directory, https://www. txcourts.gov/judicial-directory/.  Other courts, such as constitutional county courts, will have jurisdiction depending on the amount sought.  *See*, *e.g.*, Tex. Gov't Code § 26.042(a) (providing for jurisdiction in civil cases involving between $200 and $20,000).  The Clerk Defendant Class also meets the numerosity requirement, as there are clerks (e.g., district clerks and county clerks) in each of Texas's 254 counties.  *See* TEX. CONST. art. V, § 9; 2021 Clerks Directory, https://www. txcourts.gov/judicial-directory/2021-clerks-update/.  Moreover, members of the judge and clerk classes are geographically "dispersed throughout Texas."  *Ibarra v. Tex. Emp't Comm'n*, 598 F. Supp. 104, 108 (E.D. Tex. 1984); *see also City of San Antonio v. Hotels.com*, No. SA-06-CA-381-OG, 2008 WL 2486043, at *5 (W.D. Tex. May 27, 2008) (concluding that numerosity requirement was satisfied due to impracticability of joining 175 cities located in different parts of Texas).

**B.      The Case Presents Common Questions of Law and Fact**

Rule 23(a)(2) requires questions of law or fact common to the class.  "Even a single common question of law or fact can suffice to establish commonality, so long as resolution of that question 'will resolve an issue that is central to the validity of . . . claims in one stroke.'"  *Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016) (citation omitted) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 359 (2011)); *see also In re Deepwater Horizon*, 739 F.3d 790, 811 (5th Cir. 2014) (holding that "the principal requirement of *Wal-Mart* is merely a single common contention that enables the class action to generate common answers apt to drive the resolution of the litigation" (citations, internal quotation marks, and emphasis omitted)).  "[C]lass suits for

7

injunctive or declaratory relief by their very nature often present common questions satisfying Rule 23(a)(2)."  7A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1763 (3d ed. 2021).

The legal questions presented by this case concern the constitutionality of the Act, which conscripts judges and clerks throughout the state in the same way.  *See generally* Compl., ECF No. 1.  Resolution of these legal issues will affect similarly each member of the proposed defendant classes, by determining whether, and to what extent, they may enforce the Act under the U.S. Constitution and federal law.  Moreover, the relief sought in this action does not turn on circumstances specific to particular members of the proposed classes.  Accordingly, the proposed defendant classes meet the commonality requirement of Rule 23(a)(2).

**C.     The Class Representatives' Defenses Are Typical of the Claims of Other Class Members**

To satisfy Rule 23's typicality requirement, the class representative's claims or defenses must be "typical of, but not necessarily identical to, those of the class."  *Stoffels v. SBC Commc'ns, Inc.*, 238 F.R.D. 446, 453 (W.D. Tex. 2006) (internal quotations omitted).  This test, which is "not demanding," focuses on the similarities between anticipated legal theories and defenses.  *Vita Nuova, Inc. v. Azar*, No. 4:19-CV-00532-O, 2020 WL 8271942, at *3 (N.D. Tex. Dec. 2, 2020) (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999)).  The test is met where the claims or defenses "arise from a similar course of conduct and share the same legal theories."  *Stoffels*, 238 F.R.D. at 453 (citations and internal quotation marks omitted).

The Class Representatives are sued based on: (1) their obligations as Texas judges to preside over S.B. 8 enforcement proceedings and enforce compliance with the Act via its injunctive and monetary penalties, or (2) their obligations as clerks in such courts to accept cases for filing and to issue service of process permitting S.B. 8 enforcement actions to proceed.  Each

8

member of the proposed classes has the same obligation under S.B. 8. The Class Representatives and the other class members hold a common position with respect to Plaintiffs, a position that is defined by the official position of the class members and not by their personal circumstances or preferences. *See, e.g.*, *Tex. Med. Providers*, 806 F. Supp. 2d at 955 (holding "Plaintiffs are entitled to rely on the assumption that, as a general matter and in the absence of evidence to the contrary, Texas prosecutors will enforce Texas law"). And, in response to Plaintiffs' claims that the Act is unconstitutional and preempted by federal law, the Class Representatives will have the same defenses that may be raised by any member of the proposed classes.

D.      **The Class Representatives and Their Counsel Will Fairly and Adequately Protect the Interests of the Defendant Classes**

To satisfy Rule 23(a)'s "adequacy of representation" requirement, "the class representative[] [must] share common interests with the class members, and [the class] counsel must be qualified to vigorously pursue the interests of the class." *Boos*, 252 F.R.D. at 323. The Class Representatives' positions are aligned with that of the other class members because all are charged with enforcing the Act. For purposes of this suit, the Class Representatives have no official interests that are antagonistic to or in conflict with the official interests of other members of the proposed class. Because the functions of all judges and clerks with respect to this statute are substantially the same, the Class Representatives will be able to represent the interests of all similarly situated judges and clerks. The Class Representatives will necessarily protect the interests of the classes.

In addition, the Class Representatives can be expected to vigorously defend this action. A Rule 23(b)(1)(A) class representative does not hold the power to veto certification of the class or to opt out from being the class representative. *See Tex. Med. Providers*, 806 F. Supp. 2d at 954. Moreover, Plaintiffs have no reason to believe that Defendants Jackson and Clarkston will not

9

vigorously defend the action as well, or that the Class Representatives' counsel will not be competent and sufficiently experienced to defend this action.

## V.   THE OTHER REQUIREMENTS OF APPENDIX A OF LOCAL COURT RULE CV-23 ARE SATISFIED

Neither Plaintiffs nor their counsel are aware of any other pending actions in any court against any of the parties to this action alleging the same or similar causes of action.

As required by Appendix A of Local Court Rule CV-23, and without waiving any attorney-client privilege, Plaintiffs' counsel confirm that they have discussed and thoroughly explained to Plaintiffs the nature of a class action and potential advantages and disadvantages to Plaintiffs of proceeding against a defendant class.

Plaintiffs seek to have the proposed defendant classes certified under Rule 23(b)(1)(A); therefore, no notice is required under Rule 23.

No settlement negotiations have taken place.  Plaintiffs do not believe that settlement of this matter is likely because Plaintiffs are challenging the constitutionality of a state statute and are not seeking any monetary damages.

In accordance with Rule CV-7(g), counsel for Plaintiffs will confer in good faith with counsel for the Class Representatives once identified.

## VI.   CONCLUSION

Plaintiffs respectfully request that this Court issue an order certifying the Judicial Defendant Class and the Clerk Defendant Class.

Dated: July 16, 2021

Respectfully submitted,

*/s/ Christen Mason Hebert*

Christen Mason Hebert
(Texas Bar No. 24099898)
Johns & Hebert PLLC
2028 East Ben White Blvd
Suite 240-1000
Austin, TX 78741
(512) 399-3150
chebert@johnshebert.com

*Attorney for all Plaintiffs*

Marc Hearron (Texas Bar No. 24050739)*
Center for Reproductive Rights
1634 Eye St., NW, Suite 600
Washington, DC  20006
(202) 524-5539
mhearron@reprorights.org

Molly Duane*
Kirby Tyrrell*
Melanie Fontes*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3631
mduane@reprorights.org
ktyrrell@reprorights.org
mfontes@reprorights.org

Jamie A. Levitt*
J. Alexander Lawrence*
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 468-8000
jlevitt@mofo.com
alawrence@mofo.com

*Attorneys for Whole Woman's Health, Whole
Woman's Health Alliance, Marva Sadler,
Southwestern Women's Surgery Center, Allison
Gilbert, M.D., Brookside Women's Medical*

Julie Murray*
Richard Muniz*
Planned Parenthood Federation of
America
1110 Vermont Ave., NW Ste. 300
Washington, DC 20005
(202) 973-4997
julie.murray@ppfa.org
richard.muniz@ppfa.org

*Attorneys for Planned Parenthood of
Greater Texas Surgical Health Services,
Planned Parenthood South Texas Surgical
Center, Planned Parenthood Center for
Choice, and Dr. Bhavik Kumar*

Julia Kaye*
Brigitte Amiri*
Chelsea Tejada*
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
jkaye@aclu.org
bamiri@aclu.org
ctejada@aclu.org

Lorie Chaiten*
American Civil Liberties Union
Foundation
1640 North Sedgwick Street
Chicago, IL 60614
(212) 549-2633
rfp_lc@aclu.org

Adriana Pinon (Texas Bar No. 24089768)
David Donatti (Texas Bar No. 24097612)
Andre Segura (Texas Bar No. 24107112)
ACLU Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, TX 77007

11

*Center PA d/b/a Brookside Women's Health Center and Austin Women's Health Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Houston Women's Reproductive Services, Reverend Daniel Kanter, and Reverend Erika Forbes*

Tel. (713) 942-8146
Fax: (713) 942-8966
apinon@aclutx.org
ddonatti@aclutx.org
asegura@aclutx.org

*Attorneys for Houston Women's Clinic*

Stephanie Toti
LAWYERING PROJECT
41 Schermerhorn Street #1056
Brooklyn, NY 11201
(646) 490-1083
stoti@lawyeringproject.org

Rupali Sharma*
LAWYERING PROJECT
197 Pine Street, Apt. 23
Portland, ME 04102
(908) 930-6445
rsharma@lawyeringproject.org

*Attorneys for The Afiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund*

\*Admitted *pro hac vice*

12

**CERTIFICATE OF SERVICE**

I certify that on this 16th day of July 2021, I electronically filed a copy of the above document with the Clerk of the Court using the CM/ECF system, and will provide a copy to counsel for each party once identified.

 _/s/ Christen Mason Hebert_____
Christen Mason Hebert

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | CASE NO.  21-cv-00616-RP |
| AUSTIN REEVE JACKSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR**
**CERTIFICATION OF A DEFENDANT CLASS OF JUDGES**
**AND A DEFENDANT CLASS OF CLERKS**

Having considered arguments in support of and in opposition to Plaintiffs' Motion for Certification of a Defendant Class of Judges and a Defendant Class of Clerks, the Court finds that the motion should be granted.

IT IS HEREBY ORDERED:

1. A defendant class of all non-federal judges in the State of Texas with jurisdiction over civil actions and the authority to enforce Texas Senate Bill No. 8 ("the Act" or "SB 8") is certified, under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure ("Judicial Defendant Class").

2. The Honorable Austin Reeve Jackson of the 114th District Court is named as the class representative of the Judicial Defendant Class.

3. The class defenses of the Judicial Defendant Class are defined as constituting all defenses asserted by Defendant Jackson in his answer to the Class Action Complaint.

4.  A defendant class of the clerks in all non-federal courts in the State of Texas with jurisdiction over civil actions and the authority to enforce the Act is certified, under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure ("Clerk Defendant Class").

5.  Penny Clarkston, Clerk for the District Court of Smith County, is named as the class representative of the Clerk Defendant Class.

6.  The class defenses of the Clerk Defendant Class are defined as constituting all defenses asserted by Defendant Clarkston in her answer to the Class Action Complaint.

Dated: _____

_____
U.S. DISTRICT JUDGE ROBERT PITMAN