IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) CASE NO. 21-cv-00616-RP |
| AUSTIN REEVE JACKSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFFS' OPPOSITION TO MOTION TO STAY
### SUMMARY JUDGMENT AND CLASS CERTIFICATION PROCEEDINGS

Plaintiffs respectfully submit this Opposition to Defendants' Motion to Stay Summary Judgment and Class Certification Proceedings (ECF No. 39) and show the following:

Defendants failed to meet their burden to justify a stay of proceedings. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need."). A stay applicant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court." *Rodriguez v. Grand Prairie Indep. Sch. Dist.*, No. 3:13-CV-1788-D, 2014 WL 4055364, at *1 (N.D. Tex. Aug. 15, 2014) (denying motion to stay based in part on the "clear harm in delaying the resolution of this lawsuit"). Those interests weigh heavily against a stay here.

**First**, a stay will impose significant irreparable harm on Plaintiffs and their patients. As Plaintiffs explained in their motion for summary judgment (ECF No. 9), final judgment from this Court in favor of Plaintiffs is urgently needed before September 1, 2021, the effective date of Texas Senate Bill 8, 87th Leg., Reg. Sess. (Tex. 2021) ("S.B. 8"). If not blocked before that date,

1

S.B. 8 will prohibit nearly all abortions in Texas, in direct defiance of nearly fifty years of unbroken Supreme Court precedent and in blatant violation of Plaintiffs' patients' substantive-due-process rights. *See* Pls.' Mot. Summ. J. 1, ECF No. 19. And abortion providers will be forced to either (1) immediately stop providing most abortion services, turn away staggering numbers of patients in need of time-sensitive care, and in some cases furlough or lay off staff or (2) expose themselves to abusive lawsuits in which they would face overwhelming legal costs, injunctions preventing them from performing any further prohibited abortions, and ruinous monetary penalties, *see* S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.208(b)), as well as the threat of indirect enforcement by the defendant state officials.

Halting briefing and decision on the pending motions for summary judgment and class certification, in favor of briefing on a yet-to-be-filed motion to dismiss, would prevent entry of final judgment before September 1 and guarantee that all these irreparable harms would befall Plaintiffs and their patients. There is not sufficient time between now and S.B. 8's effective date to consecutively sequence briefing on the motion to dismiss, consideration of that motion, briefing on the motions for summary judgment and class certification, and decision on those motions. As a result, Plaintiffs will be unduly and severely prejudiced from a stay in all the ways discussed above and in their motion for summary judgment.

As Plaintiffs have explained, they have not sought injunctive relief against the Judicial Defendant Class to date because such relief "shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Instead, Plaintiffs seek a final declaratory judgment before S.B. 8's September 1 effective date, as the federal rules expressly contemplate. *See* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment (Rule 56 "allows a motion for summary judgment to be filed at the commencement of an action"); Fed. R.

Civ. P. 57 ("The court may order a speedy hearing of a declaratory-judgment action."); *see also* Fed. R. Civ. P. 57 advisory committee's note to Rule ("Inasmuch as [a declaratory judgment] often involves only an issue of law on undisputed or relatively undisputed facts, it operates frequently as a summary proceeding, justifying docketing the case for early hearing as on a motion . . . .").

Even if Plaintiffs were to file a motion for a temporary restraining order and preliminary injunction—which they will be forced to do if the summary-judgment proceedings are stayed—that relief would not fully protect them unless, at a minimum, it applies to the classes as a whole. Thus, staying Plaintiffs' pending motion for class certification would alone thwart the relief that Plaintiffs urgently need.

**Second**, Defendants do not argue any hardship or even try to explain why they are unable to respond to Plaintiffs' motions for summary judgment and class certification within the timeframes prescribed by the Court's rules. They can raise their jurisdictional and sovereign-immunity defenses in a motion to dismiss, if they so choose, while also responding to Plaintiffs' motion for summary judgment. Moreover, although responses to motions for summary judgment and class certification are normally due "not later than 14 days after the filing of the motion[s]," W.D. Tex. L.R. CV-7(d)(2), Plaintiffs are amenable to a modest extension of those deadlines so long as adequate relief can be granted before September 1. Plaintiffs propose that Defendants' responses to the motions for summary judgment and class certification be due on August 6 (24 and 21 days after the motions were filed, respectively), with Plaintiffs' replies due on August 13.

**Third,** the decisions on which Defendants rely (Mot. 2) do not support their motion to stay and instead support expediting review here. In *Planned Parenthood of Greater Texas Surgical Health Services v. City of Lubbock, Texas*, the day after the complaint and motion for preliminary injunction were filed, the court *sua sponte* ordered expedited briefing on jurisdictional issues and

3

indicated that, if necessary, it would also order expedited briefing on the preliminary-injunction motion—emphasizing that the court was "mindful of Plaintiffs' request for expedited review of this matter" before the ordinance's effective date.  Order Requiring Jurisdictional Briefing 2–3, No. 5:21-CV-114-H (N.D. Tex. May 18, 2021), ECF No. 18.  For the reasons described above, a stay of proceedings here would force Plaintiffs to file a motion for temporary restraining order and preliminary injunction, and even relief on that motion will not fully prevent the irreparable harm to Plaintiffs and their patients that is certain to occur unless it applies to the classes as a whole.

In *Franciscan Alliance, Inc. v. Burwell*, the plaintiffs had moved for both a preliminary injunction and partial summary judgment, and the court determined that the preliminary-injunction motions "should be given priority" because the court would "not be able to consider both the motions for partial summary judgment and motions for preliminary injunction before" the pertinent effective date.  No: 7-16-CV-108-O, 2016 WL 9281524, at *2 (N.D. Tex. Nov. 1, 2016). Importantly, the court explained that a "limited stay" of the summary-judgment motions would still allow the court to issue preliminary-injunctive relief before the effective date.  *Id.* at *3.  Here, by contrast, as discussed, granting Defendants' motion to stay would delay judgment and adequate relief until after S.B. 8's effective date.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Stay Summary Judgment and Class Certification Proceedings be denied.

Dated: July 28, 2021

Respectfully submitted,

/s/ Marc Hearron

Christen Mason Hebert
(Texas Bar No. 24099898)
Johns & Hebert PLLC
2028 East Ben White Blvd
Suite 240-1000
Austin, TX 78741
(512) 399-3150
chebert@johnshebert.com

*Attorney for all Plaintiffs*

Marc Hearron (Texas Bar No. 24050739)*
Center for Reproductive Rights
1634 Eye St., NW, Suite 600
Washington, DC 20006
(202) 524-5539
mhearron@reprorights.org

Molly Duane*
Kirby Tyrrell*
Melanie Fontes*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3631
mduane@reprorights.org
ktyrrell@reprorights.org
mfontes@reprorights.org

Jamie A. Levitt*
J. Alexander Lawrence*
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 468-8000
jlevitt@mofo.com
alawrence@mofo.com

*Attorneys for Whole Woman's Health, Whole Woman's Health Alliance, Marva Sadler, Southwestern Women's Surgery Center, Allison*

Julie Murray*
Richard Muniz*
Planned Parenthood Federation of America
1110 Vermont Ave., NW Ste. 300
Washington, DC 20005
(202) 973-4997
julie.murray@ppfa.org
richard.muniz@ppfa.org

*Attorneys for Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Planned Parenthood Center for Choice, and Dr. Bhavik Kumar*

Julia Kaye*
Brigitte Amiri*
Chelsea Tejada*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
jkaye@aclu.org
bamiri@aclu.org
ctejada@aclu.org

Lorie Chaiten*
American Civil Liberties Union Foundation
1640 North Sedgwick Street
Chicago, IL 60614
(212) 549-2633
rfp_lc@aclu.org

Adriana Pinon (Texas Bar No. 24089768)
David Donatti (Texas Bar No. 24097612)
Andre Segura (Texas Bar No. 24107112)
ACLU Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, TX 77007
Tel. (713) 942-8146
Fax: (713) 942-8966

| | |
|---|---|
| *Gilbert, M.D., Brookside Women's Medical Center PA d/b/a Brookside Women's Health Center and Austin Women's Health Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Houston Women's Reproductive Services, Reverend Daniel Kanter, and Reverend Erika Forbes.* | apinon@aclutx.org<br>ddonatti@aclutx.org<br>asegura@aclutx.org<br><br>*Attorneys for Houston Women's Clinic*<br><br>Stephanie Toti<br>LAWYERING PROJECT<br>41 Schermerhorn Street #1056<br>Brooklyn, NY 11201<br>(646) 490-1083<br>stoti@lawyeringproject.org<br><br>Rupali Sharma*<br>LAWYERING PROJECT<br>197 Pine Street, Apt. 23<br>Portland, ME 04102<br>(908) 930-6445<br>rsharma@lawyeringproject.org<br><br>*Attorneys for The Afiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund* |

*\* Admitted pro hac vice*

## CERTIFICATE OF SERVICE

    I certify that today, July 28, 2021, I electronically filed a copy of the above document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record for Defendants.

*/s/ Marc Hearron*
Marc Hearron
