IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | § § § | |
| *Plaintiffs,* | § § | |
| v. | § | Cause No. 1:21-cv-00616-RP |
| | § | |
| AUSTIN REEVE JACKSON, et al., | § § | |
| *Defendants.* | § § | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT AND CLASS CERTIFICATION PROCEEDINGS**

Plaintiffs assert there isn't enough time for the Court to address Defendants' jurisdictional arguments before proceeding to class certification and the merits because Senate Bill 8 (SB 8) takes effect on September 1. But that argument (1) undervalues the importance of jurisdiction and the State's sovereignty, and (2) ignores the fact that it is Plaintiffs' litigation decisions that have put them in this predicament.

It is black letter law that a court must ensure it has jurisdiction before considering the merits of a case. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Cook v. Reno*, 74 F.3d 97, 99 (5th Cir. 1996). This is of utmost importance when immunity is at stake, as one purpose of immunity is to enable States and state actors to avoid the burden of defending the lawsuit and the costs of litigation. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 n.5 (1993) ("The Eleventh Amendment is concerned not only with the States'

ability to withstand suit, but with their privilege not to be sued."); *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009) ("[I]mmunity is intended to shield the defendant from the burdens of defending the suit."). That is why a plaintiff cannot proceed to general discovery if an immunity question has not been resolved. *See, e.g.*, *J.A. b/n/f Alvarez v. Tex. Educ. Agency*, 1:19-CV-921-RP, 2020 WL 3270834, at *2 (W.D. Tex. June 17, 2020). If proceeding to merits discovery is improper when an immunity issue has not been resolved, proceeding to the merits themselves (through summary-judgment briefing) must also be improper.[1]

The Fifth Circuit's ruling in *In re Gee* is instructive. There, the district court declined to require the plaintiffs to first establish standing to challenge Louisiana's abortion laws. 941 F.3d 153, 157 (5th Cir. 2019) (per curiam). The Fifth Circuit found that the district court's "obligation to consider a challenge to its jurisdiction is non-discretionary." *Id.* at 159. The Court cited the intrusion into state sovereignty and litigation costs as reasons why mandamus would be appropriate to correct the district court's failure. *Id.* at 166-70. The Court sent a clear message: Jurisdiction must be considered first, especially when state actors are defendants. Here, Plaintiffs have sued five state officials, a class of all Texas judges, a class of all court clerks, and an individual. Federal intrusion into Texas's sovereign interests is at

---

[1] For this reason, Plaintiffs' argument that the burden is lessened because they seek only declaratory, not injunctive relief, is flawed. Resp. 2-3. The act of haling Texas officials into court is itself a burden on state sovereignty.

stake. It is, therefore, paramount that the Court first establish that it has jurisdiction before requiring Defendants to proceed further.[2]

Plaintiffs' suggestion that they will be forced to seek a temporary restraining order and preliminary injunction, Resp. 3 & 4, does not move the ball either. Jurisdiction must be established before the Court can grant preliminary relief. *See, e.g.*, *Speech First, Inc. v. Fenves*, 979 F.3d 319, 329 (5th Cir. 2020) ("A preliminary injunction, like final relief, cannot be requested by a plaintiff who lacks standing to sue."); *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 964 (5th Cir. 2014) (reversing grant of preliminary injunction when the state defendants were immune and *Ex parte Young* did not apply); *see also In re Abbott*, 956 F.3d 696, 708-10 (5th Cir. 2020) (granting mandamus relief when district court issued a temporary restraining order against state officials who were immune), *cert. granted, judgment vacated as moot sub nom. Planned Parenthood Ctr. for Choice v. Abbott*, 141 S. Ct. 1261 (2021).

Plaintiffs' authority is inapposite. Defendants are not seeking to stay this *lawsuit*, which is what Plaintiffs' case citations concern. Resp. 1 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *Rodriguez v. Grand Prairie Indep. Sch. Dist.*, No. 3:13-CV-1788-D, 2014 WL 4055364, at *1 (N.D. Tex. Aug. 15, 2014)). Rather, they

---

[2] In the context of qualified immunity, a *non*-jurisdictional immunity from suit, the Fifth Circuit has required district courts to determine whether the pleadings overcome the immunity before permitting even narrow discovery. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014). The same requirement should apply with even greater force in the context of a jurisdictional immunity from suit.

are seeking to stay *certain motions* while the parties move forward on the jurisdictional issues

Plaintiffs' only reason for proceeding outside the normal course by briefing the merits now is that Plaintiffs seek relief prior to September 1. Resp. 1-2. But any timing problems are the result of Plaintiffs' litigation decisions. Governor Abbott signed SB 8 on May 19, 2021, giving Plaintiffs approximately three and a half months to obtain relief.[3] Plaintiffs inexplicably waited nearly two months before filing this suit. *See* Docket No. 1. Defendants should not have to defend a lawsuit when there is no jurisdiction over them merely because Plaintiffs waited too long to file it.

## CONCLUSION & PRAYER

For the foregoing reasons, the Court should stay all further briefing and proceedings related to Plaintiffs' motion for summary judgment and motion for class certification until after Defendants' forthcoming jurisdictional challenges have been resolved.

---

[3] https://capitol.texas.gov/BillLookup/History.aspx?LegSess=87R&Bill=SB8

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief - General Litigation Division

　　　*/s/ Benjamin S. Walton*
**BENJAMIN S. WALTON**
Texas Bar No. 24075241
Benjamin.Walton@oag.texas.gov
**CHRISTOPHER D. HILTON**
Texas Bar No. 24087727
Christopher.Hilton@oag.texas.gov
**HALIE DANIELS**
Texas Bar No. 24100169
Halie.Daniels@oag.texas.gov
Assistant Attorneys General
General Litigation Division

**BETH KLUSMANN**
Assistant Solicitor General
Texas Bar No. 24036918
Beth.Klusmann@oag.texas.gov
**NATALIE THOMPSON**
Assistant Solicitor General
Texas Bar No. 24088529
Natalie.Thompson@oag.texas.gov

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 – Phone
(512) 320-0667 – Fax

*Counsel for State Defendants*

      */s/ Andrew B. Stephens*
**ANDREW B. STEPHENS**
Texas Bar No. 24079396
andrew@hackerstephens.com
**HEATHER GEBELIN HACKER**
Texas Bar No. 24103325
heather@hackerstephens.com
Hacker Stephens LLP
108 Wild Basin Rd. South, Suite 250
Austin, Texas 78746
Tel: (512) 399-3022

*Attorneys for Defendant Penny Clarkston*

      */s/ Jonathan F. Mitchell*
**JONATHAN F. MITCHELL**
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Defendant Mark Lee Dickson*

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Christen Mason Hebert<br>Johns & Hebert PLLC<br>2028 East Ben White Blvd<br>Suite 240-1000<br>Austin, TX 78741<br>(512) 399-3150<br>chebert@johnshebert.com<br><br>*Attorney for all Plaintiffs* | Julie Murray<br>Richard Muniz<br>Planned Parenthood Federation of American<br>1110 Vermont Ave., NW Ste 300<br>Washington, DC 20005<br>(202) 973-4997<br>Julie.marray@ppfa.org<br>Richard.muiniz@ppfa.org<br><br>*Attorneys for Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Planned Parenthood Center for Choice, and Dr. Bhavik Kumar* |
| Stephanie Toti<br>LAWYERING PROJECT<br>41 Schermerhorn Street #1056<br>Brooklyn, NY 11201<br>(646) 490-1083<br>stoti@lawyeringproject.org<br><br>*Attorneys for The Ajiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund* | Rupali Sharma<br>LAWYERING PROJECT<br>197 Pine Street, Apt. 23<br>Portland, ME 04102<br>(908) 930-6445<br>rsharma@lawyeringproject.org<br><br>*Attorneys for The Ajiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund* |
| Molly Duane<br>Kirby Tyrrell<br>Melanie Fontes<br>Center for Reproductive Rights<br>199 Water Street, 22nd Floor<br>New York, NY 10038<br>(917) 637-3631<br>mduane@reprorights.org<br>ktyrrell@reprorights.org | Julia Kaye<br>Brigitte Amiri<br>Chelsea Tejada<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY I 0004<br>(212) 549-2633<br>jkaye@aclu.org |

| | |
|---|---|
| mfontes@reprorights.org<br><br>Jamie A. Levitt<br>J. Alexander Lawrence<br>Morrison & Foerster LLP<br>250 W. 55th Street<br>New York, NY 10019<br>(212) 468-8000<br>jlevitt@mofo.com<br>alawrence@mofo.com<br><br>*Attorneys for Whole Woman's Health, Whole Woman's Health Alliance, Marva Sadler, Southwestern Women's Surgery Center, Allison Gilbert, MD., Brookside Women's Medical Center PA d/b/a Brookside Women's Health Center and Austin Women's Health Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Houston Women's Reproductive Services, Reverend Daniel Kanter, and Reverend Erika Forbes.* | bamiri@aclu.org<br>ctejada@aclu.org<br><br>Lorie Chaiten<br>American Civil Liberties Union Foundation<br>1640 North Sedgwick Street<br>Chicago, IL 60614<br>(212) 549-2633<br>rfp_lc@aclu.org<br><br>Adriana Pinon<br>David Donatti<br>Andre Segura<br>ACLU Foundation of Texas, Inc.<br>5225 Katy Freeway, Suite 350<br>Houston, TX 77007<br>Tel. (713) 942-8146<br>Fax: (713) 942-8966<br>apinon@aclutx.org<br>ddonatti@aclutx.org<br>asegura@aclutx.org<br><br>*Attorneys for Houston Women's Clinic* |

                                             */s/ Benjamin S. Walton*
                                             **BENJAMIN S. WALTON**
                                             Assistant Attorney General