**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Cause No. 1:21-cv-00616-RP |
| | § | |
| AUSTIN REEVE JACKSON, et al., | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT JUDGE JACKSON'S RULE 12(b)(1) MOTION TO DISMISS

The Honorable Austin Reeve Jackson, Judge of the 114th District Court of Texas ("Judge Jackson"), files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). This Court should dismiss Plaintiffs' claims against Judge Jackson for lack of subject matter jurisdiction.

### INTRODUCTION

Plaintiffs ask this Court to issue an advisory opinion on how a state judge ought to adjudicate hypothetical constitutional challenges to state laws that may or may not ever be brought in that state judge's court. This Court has no jurisdiction to grant Plaintiffs' baseless request.[1]

First, there is no case or controversy between Plaintiffs and Judge Jackson. It is a fundamental principle of constitutional jurisprudence that outside of a case or controversy, a federal court lacks jurisdiction to opine on the meaning of the law.

---

[1]     Although no class has been certified, all the arguments raised in this Motion to Dismiss would apply with equal force to all the other state judges across Texas.

Further, it is specifically well-established that there is no case or controversy between a plaintiff challenging a state law and the judges tasked with applying that law. *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003); *Chancery Clerk of Chickasaw County v. Wallace*, 646 F.2d 151, 160 (5th Cir. 1981). Article III of the U.S. Constitution requires a justiciable controversy, but "[t]he requirement of a justiciable controversy is not satisfied where a judge acts in his adjudicatory capacity." *Bauer*, 341 F.3d at 359. Because this Court lacks jurisdiction over Plaintiffs' claims against Judge Jackson, it is "powerless to act except to say that [it] cannot act." *Okpalobi v. Foster*, 244 F.3d 405, 409 (5th Cir. 2001) (en banc).

Second, sovereign immunity bars Plaintiffs' claims against Judge Jackson. The *Ex parte Young* doctrine does not permit a cause of action against state judges, and Judge Jackson does not "enforce" S.B. 8[2] within the meaning of *Ex parte Young*. That means this "is essentially a suit against the State," *id.* at 467, and is thus barred by sovereign immunity. *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019).

## BACKGROUND

In enacting S.B. 8, the Texas Legislature found, among other things, that "to make an informed choice about whether to continue her pregnancy, [a] pregnant woman has a compelling interest in knowing the likelihood of her unborn child surviving to full-term birth based on the presence of cardiac activity." S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.202). Accordingly, the statute

---

[2]    Act of May 19, 2021, 87th Leg., R.S., S.B. 8, effective Sept. 1, 2021 ("S.B. 8").

requires a physician to determine, using a method that is "consistent with the physician's good faith and reasonable understanding of standard medical practice," "whether the woman's unborn child has a detectable fetal heartbeat." S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.203). It further prohibits abortion after a fetal heartbeat is detected, unless that would constitute an undue burden on a woman seeking an abortion. *See* S.B. 8 § 3 (to be codified at Tex. Health & Safety Code §§ 171.204, 171.209). S.B. 8's requirements are enforceable exclusively through the private civil action created under the statute. *See* S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.207(a)).

Plaintiffs are various abortion clinics and abortion doctors, Compl. ¶¶ 24–35 (collectively "Abortion Providers"), as well as other organizations that advocate for abortions and two individuals who allegedly provide spiritual care and counseling, Compl. ¶¶ 37–46 ("Abortion Advocates"). The Abortion Providers allege S.B. 8 harms them by prohibiting "the bulk of" the abortions they perform, Compl. ¶ 102, or, if they continue to perform such abortions, by exposing them to private lawsuits, Compl ¶ 103. The Abortion Advocates allege they could likewise face private lawsuits and liability for aiding and abetting abortions prohibited by S.B. 8 and that they will have to shift resources if the abortion providers stop performing prohibited abortions. Compl. ¶¶ 111–12.

In addition to Judge Jackson, Plaintiffs have also sued numerous heads of state agencies, a state district clerk, and a private citizen. With respect to Judge Jackson, Plaintiffs allege that he—and "potentially more than 1,000" other Texas

judges, Compl. ¶ 118—will "enforce" S.B. 8 by "implementing the remedies mandated by S.B. 8," Compl. ¶ 120. On that basis, Plaintiffs seek to certify a defendant class of "all judges in the State of Texas with jurisdiction over the civil actions created by S.B. 8." Compl. ¶ 48. Plaintiffs seek relief from this Court that would effectively instruct Judge Jackson (and the putative class of Texas judges) to dismiss lawsuits brought under S.B. 8 without actually adjudicating them. As explained below, this Court has no jurisdiction to grant such relief.

## ARGUMENT & AUTHORITIES

I. **Plaintiffs' claims against Judge Jackson are not cognizable under Article III.**

Plaintiffs' challenge to the constitutionality of a state law cannot constitutionally be brought in the guise of a federal lawsuit against Judge Jackson (or any of the rest of Texas's judges). As the Fifth Circuit explained over forty years ago, "judges do not have a sufficiently 'personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues on which the court so largely depends for illumination of difficult constitutional questions.'" *Chancery Clerk of Chickasaw County*, 646 F.2d at 160 (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). As such, "[t]he [Article III] requirement of a justiciable controversy is not satisfied where a judge acts in his adjudicatory capacity." *Bauer*, 341 F.3d at 359.

The Fifth Circuit is not alone in rejecting such a theory of liability. *See, e.g.*, *Cooper v. Rapp*, 702 F. App'x 328, 333 (6th Cir. 2017); *Mendez v. Heller*, 530 F.2d 457, 461 (2d Cir. 1976); *Lindke v. Lane*, No. 19-CV-11905, 2021 WL 807727, at *10

(E.D. Mich. Mar. 3, 2021). As the Second Circuit noted, a judge's posture is simply "not in any sense the posture of an adversary to the contentions made on either side of the case." *Mendez*, 530 F.2d at 459; *see also Cooper*, 702 F. App'x at 333–34 (a judge acts as "a disinterested judicial adjudicator, bound to decide the issues before him according to the law").

Plaintiffs do not allege that Judge Jackson will act in anything other than his adjudicatory capacity if he presides over a lawsuit brought under S.B. 8. Indeed, Plaintiffs sued Judge Jackson because he has "authority to hear civil suits under S.B. 8." Compl. ¶ 122. And Plaintiffs further recognize they have named him in his judicial capacity. Docket No. 19 at 4; *compare* Compl. ¶ 120, *with* Compl. ¶ 128. Section 1983 expressly prohibits injunctive relief against "a judicial officer for an act or omission taken in such officer's judicial capacity" unless "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Citing that provision, Plaintiffs recognize that "only declaratory relief is available at this time against the defendant class of judges." Docket No. 19 at 4. However, Plaintiffs' attempt to obtain *any* relief against state judges is fatally flawed for lack of an Article III case or controversy.

The traditional three-part standing inquiry yields the same result. Article III standing requires an injury-in-fact, traceability, and redressability. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs have failed to plausibly allege *any* of these three elements, but perhaps the most glaring failure is the lack of traceability. The traceability element of Article III standing requires that a

plaintiff's injury must be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Id.* Even if Plaintiffs could plausibly allege that a lawsuit against them under S.B. 8 would constitute a cognizable injury-in-fact, such an alleged injury would not be traceable to any action by Judge Jackson. Instead, it would be the result of a private third party's actions to sue Plaintiffs in a state court (perhaps Judge Jackson's court, or perhaps some other state district court). Judge Jackson has no control over whether that ever happens. He patently "ha[s] no authority to prevent a private plaintiff from invoking the statute in a civil suit." *Okpalobi*, 244 F.3d at 427. Because Plaintiffs' alleged injury is not traceable to Judge Jackson, Plaintiffs have no standing to sue Judge Jackson. Plaintiffs' claims against Judge Jackson are not even facially cognizable under Article III as a matter of law.

## II.    Sovereign immunity bars Plaintiffs' claims against Judge Jackson.

There is yet another jurisdictional reason Plaintiffs cannot proceed against Judge Jackson: sovereign immunity. "The only way to bring an official-capacity claim against an officer of the State is to do so under the equitable cause of action recognized in *Ex parte Young*," 209 U.S. 123 (1908). *Freedom From Religion Found., Inc. v. Mack*, No. 21-20279, 2021 WL 2887861, at *4 (5th Cir. July 9, 2021). That equitable cause of action relies on the fiction that a state official who is violating (or intends to violate) federal law is stripped of his sovereign authority to act on behalf of the State. *Id.*; *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 (1984) ("[A]n official who acts unconstitutionally is 'stripped of his official or representative character'" (quoting *Ex parte Young*, 209 U.S. at 60); *American Civil*

*Liberties Union of Miss., Inc. v. Finch*, 638 F.2d 1336, 1340 (5th Cir. 1981) ("[A]n official who *acts unlawfully* may not claim the immunity of his sovereign" (emphasis added)).[3]

Importantly, this equitable cause of action does not extend to injunctions against state courts. *Ex parte Young*, 209 U.S. at 163. Although federal courts generally may enjoin a state official who acts in violation of the federal Constitution, this authority does not include the power to enjoin state courts. *Id.* Indeed, the Supreme Court expressly explained in *Ex parte Young* that "the right to enjoin an individual, even though a state official, from commencing suits . . . ***does not include the power to restrain a court from acting in any case brought before it***." *Id.* (emphasis added). This conclusively negates Plaintiffs' attempt to sue Judge Jackson in federal court.

To the extent Plaintiffs maintain that they can obtain declaratory relief against Judge Jackson, as distinct from injunctive relief, such a position equally fails. Although Plaintiffs have not even attempted to invoke the Declaratory Judgment Act, should they do so, it is well-established that "[t]he Declaratory Judgment Act is not an independent ground for jurisdiction; it permits the award of declaratory relief only when other bases for jurisdiction are present." *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980). Because this Court lacks jurisdiction to grant injunctive relief, it similarly lacks jurisdiction to grant declaratory relief.

---

[3]     Plaintiffs cite only 42 U.S.C. § 1983, making no mention of this equitable cause of action. Even assuming Plaintiffs could cure that pleading defect, however, *Ex parte Young* does not apply to their claims against Judge Jackson.

Further, the entire purpose of the "declaratory" relief Plaintiffs seek is for this Court to effectively tell Judge Jackson how to adjudicate all lawsuits that may be brought in his court under S.B. 8—i.e., instruct him to dismiss them outright. In other words, Plaintiffs' request for "declaratory" relief is a thinly-veiled request for this Court to tell Judge Jackson how to be a judge. The Fifth Circuit has recently denied a similar attempt to skirt jurisdictional requirements by cloaking requested relief as "declaratory." *See Planned Parenthood Gulf Coast, Inc. v. Phillips*, No. 18-30699, 2021 WL 2980702, at \*9 (5th Cir. July 15, 2021) (reasoning that where a request for declaratory relief would effectively tell a state official to take or not take certain actions, it should be treated similarly to a request for injunctive relief).

Finally, even if an *Ex parte Young* injunction against a state court were not "a violation of the whole scheme of our government," *Ex parte Young*, 209 U.S. at 163, Plaintiffs misapprehend the concept of "enforcement" under *Ex parte Young*. Enforcement is "typically" found where the defendant official has state-granted authority to compel action by the plaintiff or to constrain the plaintiff's actions. *City of Austin v. Paxton*, 943 F.3d 993, 1000 (5th Cir. 2019). S.B. 8 does not give Judge Jackson any such authority. If Plaintiffs violate S.B. 8, there is nothing Judge Jackson can do about it. He can only "wait for cases to come to [him]" and then adjudicate them properly. This Court must do likewise. *See Greenlaw v. United States*, 554 U.S. 237, 244 (2008).

## CONCLUSION & PRAYER

This Court lacks jurisdiction to grant any relief against Judge Jackson (or any of the other putative class members of all the other state judges across Texas). Plaintiffs have no case or controversy against Judge Jackson and lack standing to sue him under Article III. Judge Jackson is also entitled to sovereign immunity from Plaintiffs' claims. Accordingly, this Court should dismiss Plaintiffs' claims against Judge Jackson without subjecting him to any further burdens of litigation.

If Plaintiffs are concerned with the overall constitutionality of S.B. 8, they may litigate their constitutional challenges in state court if and when they are sued there. A state district judge "is not an adversary of [Plaintiffs], but a judicial officer bound to decide the issue according to the law as he finds it." *Mendez v. Heller*, 380 F. Supp. 985, 990 (E.D.N.Y. 1974), *vacated on other grounds*, 95 S. Ct. 1107 (1975), *affirmed on remand*, 530 F.2d 457 (2d Cir. 1976). Plaintiffs cannot establish federal jurisdiction over state judges merely by expressing their subjective fear that state judges may not properly adjudicate constitutional challenges to state statutes in their own courts. The very suggestion that state judges cannot properly adjudicate constitutional challenges to state statutes turns the "presumption of honesty and integrity in those serving as adjudicators" on its face. *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975). This Court has no jurisdiction over Judge Jackson or any other Texas judge.

For all the foregoing reasons, Judge Jackson respectfully requests this Court to dismiss all Plaintiffs' claims against him for lack of jurisdiction.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief - General Litigation Division

*/s/ Benjamin S. Walton*
**BENJAMIN S. WALTON**
Texas Bar No. 24075241
Benjamin.Walton@oag.texas.gov
**CHRISTOPHER D. HILTON**
Texas Bar No. 24087727
Christopher.Hilton@oag.texas.gov
**HALIE DANIELS**
Texas Bar No. 24100169
Halie.Daniels@oag.texas.gov
Assistant Attorneys General
General Litigation Division

**BETH KLUSMANN**
Texas Bar No. 24036918
Beth.Klusmann@oag.texas.gov
**NATALIE D. THOMPSON**
Texas Bar No. 24088529
Natalie.Thompson@oag.texas.gov
Assistant Solicitors General

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 – Phone
(512) 320-0667 – Fax

***Counsel for State Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2021, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

Christen Mason Hebert
Johns & Hebert PLLC
2028 East Ben White Blvd
Suite 240-1000
Austin, TX 78741
(512) 399-3150
chebert@johnshebert.com

*Attorney for all Plaintiffs*

Julie Murray
Richard Muniz
Planned Parenthood Federation of America
1110 Vermont Ave., NW Ste 300
Washington, DC 20005
(202) 973-4997
Julie.murray@ppfa.org
Richard.muniz@ppfa.org

*Attorneys for Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Planned Parenthood Center for Choice, and Dr. Bhavik Kumar*

Stephanie Toti
LAWYERING PROJECT
41 Schermerhorn Street #1056
Brooklyn, NY 11201
(646) 490-1083
stoti@lawyeringproject.org

*Attorneys for The Afiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund*

Rupali Sharma
LAWYERING PROJECT
197 Pine Street, Apt. 23
Portland, ME 04102
(908) 930-6445
rsharma@lawyeringproject.org

*Attorneys for The Afiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund*

Molly Duane
Kirby Tyrrell
Melanie Fontes
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3631
mduane@reprorights.org
ktyrrell@reprorights.org
mfontes@reprorights.org

Jamie A. Levitt
J. Alexander Lawrence
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 468-8000
jlevitt@mofo.com
alawrence@mofo.com

*Attorneys for
Whole Woman's Health,
Whole Woman's Health Alliance,
Marva Sadler, Southwestern
Women's Surgery Center,
Allison Gilbert, MD.,
Brookside Women's Medical
Center PA d/b/a Brookside
Women's Health Center and
Austin Women's Health Center,
Alamo City Surgery Center PLLC
d/b/a Alamo Women's
Reproductive Services,
Houston Women's Reproductive
Services, Reverend Daniel Kanter,
and Reverend Erika Forbes.*

Julia Kaye
Brigitte Amiri
Chelsea Tejada
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY I 0004
(212) 549-2633
jkaye@aclu.org
bamiri@aclu.org
ctejada@aclu.org

Lorie Chaiten
American Civil Liberties Union Foundation
1640 North Sedgwick Street
Chicago, IL 60614
(212) 549-2633
rfp_lc@aclu.org

Adriana Pinon
David Donatti
Andre Segura
ACLU Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, TX 77007
Tel. (713) 942-8146
Fax: (713) 942-8966
apinon @aclutx.org
ddonatti@aclutx.orgasegura@aclutx.org

*Attorneys for Houston Women's Clinic*

| | |
|---|---|
| Hacker/Stephens LLP | Mitchell Law PLLC |
| Heather G. Hacker | Jonathan F. Mitchell |
| Andrew B. Stephens | 111 Congress, Suite 400 |
| 108 Wild Basin Rd. South | Austin, TX 78701 |
| Suite 250 | (512) 686-3940 |
| Austin, TX 78746 | jonathan@mitchell.law |
| (512) 399-3022 | |
| heather@hackerstephens.com | *Attorney for Mark Lee Dickson* |
| andrew@hackerstephens.com | |

*Attorneys for Penny Clarkston*

M. Shane McGuire
THE MCGUIRE FIRM, PC
102 N College, Suite 301
Tyler, Texas 75702
(903) 630-7154 – Phone
(903) 630-7173 – Fax

*Additional attorney for Judge Austin
Reeve Jackson*

           */s/ Benjamin S. Walton*
**BENJAMIN S. WALTON**
Assistant Attorney General