UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Whole Woman's Health**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**Austin Reeve Jackson**, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00616-RP |

### MOTION TO RECONSIDER ORDER DENYING THE DEFENDANTS' MOTION TO STAY SUMMARY-JUDGMENT AND CLASS-CERTIFICATION PROCEEDINGS

In light of the authorities submitted by the defendants that show that binding precedent requires this Court to dismiss this case for lack of jurisdiction, the defendants respectfully request that the Court reconsider its denial of defendants' motion to stay the class-certification and summary-judgment proceedings.

### BACKGROUND AND INTRODUCTION

On July 27, 2021, the defendants moved to stay the summary-judgment and class-certification proceedings until the defendants' jurisdictional objections were resolved (ECF No. 39). The Court denied the motion on August 4, 2021 (ECF No. 47). The defendants respectfully ask the Court to reconsider its order denying the defendants' motion to stay the summary-judgment and class-certification proceedings because the jurisdictional briefing submitted yesterday shows that there is no conceivable basis for subject-matter jurisdiction over any of the claims in this case according

to precedent binding on this Court.[1] The defendants should not be forced toward final judgment in a case filed just a few weeks ago and required to precipitously respond to a 50-page motion for summary judgment with 19 declarations, along with a class-certification motion, when this Court has no authority to decide any aspect of this case. More importantly, it violates the Constitution to compel a response to these motions from state defendants who have clearly demonstrated their constitutional immunity from suit. *See Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009) ("[I]mmunity is intended to shield the defendant from the burdens of defending the suit.").

The plaintiffs bear the burden of establishing the existence of subject-matter jurisdiction in this Court, and counsel have an ethical duty to alert the Court to authority that calls into question its jurisdiction over a controversy. See *Bd. of License Comm'rs of Tiverton v. Pastore*, 469 U.S. 238, 240 (1985) (per curiam); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 66 n.23 (1997). Yet Plaintiffs did not even address subject-matter jurisdiction in their motion for summary judgment nor acknowledge clearly binding precedent foreclosing their claims. The Court did not have the benefit of the defendants' jurisdictional briefing when it issued its scheduling order on August 4, 2021. But the authorities cited in those documents make it untenable for this Court to continue forcing any of the defendants to respond to the plaintiffs' class-certification and summary-judgment motions, since the Court has no jurisdiction to entertain those motions in the first place.

---

1. *See* State Agency Defs.' Mot. to Dismiss (ECF No. 48); Judge Jackson's Mot. to Dismiss (ECF No. 49); Mark Lee Dickson's Mot. to Dismiss (ECF No. 50); Penny Clarkston's Mot. to Dismiss (ECF No. 51).

I. **THE CLAIMS AGAINST JUDGE JACKSON AND MS. CLARKSTON ARE PRECLUDED BY BINDING PRECEDENT, WARRANTING A STAY UNTIL THE COURT HAS DISMISSED THE CLAIMS AGAINST THEM**

The claims against Judge Jackson and Ms. Clarkston are so obviously precluded by the binding precedent of the Fifth Circuit and the Supreme Court as to warrant a sua sponte jurisdictional dismissal. *See* Fed. R. Civ. P. 12(h)(3). In *Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003), the Fifth Circuit wrote:

> The requirement of a justiciable controversy is not satisfied where a judge acts in his adjudicatory capacity. Similarly, a section 1983 due process claim is not actionable against a state judge acting purely in his adjudicative capacity because he is not a proper party in a section 1983 action challenging the constitutionality of a state statute.

*Id*. at 359. And in *Chancery Clerk of Chickasaw County v. Wallace*, 646 F.2d 151 (5th Cir. 1981), the Fifth Circuit held that this same jurisdictional obstacle applies to lawsuits brought against court clerks with responsibilities of a "judicial nature":

> Because of the judicial nature of their responsibility, the chancery clerks and judges do not have a sufficiently "personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues on which the court so largely depends for illumination of difficult constitutional questions."

*Id*. at 160 (citation omitted). The law is clear: Federal courts have no subject-matter jurisdiction to entertain lawsuits brought against state-court judges or court clerks acting in an adjudicatory capacity.

Then there are the Eleventh Amendment obstacles. *Ex parte Young* specifically holds that its "exception" to sovereign immunity does not authorize lawsuits to prevent a state's judicial officers from adjudicating and deciding cases brought before them. *Ex parte Young*, 209 U.S. 123, 163 (1908). And on top of that, the *Ex parte Young* exception to sovereign immunity cannot even apply unless the named defendant is violating or intends to violate federal law; that is what "strips" the officer of his sovereign authority and allows him to be sued as a rogue individual rather than as a component of a sovereign entity. *See Ex parte Young*, 209 U.S. at 159–60; *Pennhurst*

*State School & Hospital v. Halderman*, 465 U.S. 89, 104 (1984) ("[A]n official *who acts unconstitutionally* is 'stripped of his official or representative character'" (emphasis added) (quoting *Young*, 209 U.S. at 60 (1908)); *Frazier v. King*, 873 F.2d 820, 827 (5th Cir. 1989) ("Under *Young, when a state officer acts unconstitutionally*, he is acting outside his authority and is 'stripped of his official or representative character.'" (emphasis added) (citations omitted)); *American Civil Liberties Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336, 1340 (5th Cir. 1981) ("[A]n official *who acts unlawfully* may not claim the immunity of his sovereign" (emphasis added)). A state judge does not violate the Constitution—and forfeit his sovereign immunity—by sitting in his office waiting to see if someone files a lawsuit under Senate Bill 8 that winds up getting assigned to him. And a clerk is not breaking federal law by accepting petitions or documents for filing, even if the filing is based on a patently unconstitutional statute. *See* Mark Lee Dickson's Mot. to Dismiss (ECF No. 50) at 12–13.

Even if the Court is not yet prepared to order an immediate jurisdictional dismissal of the claims against Judge Jackson and Ms. Clarkston, the defendants have made such an overwhelming showing of sovereign immunity—as well as the undeniable absence of a justiciable controversy under Article III—that the Court's denial of the defendants' motion to stay the class-certification and summary-judgment briefing schedule should be reconsidered. It is an affront to the Constitution to compel a state official with sovereign immunity to needlessly respond to a summary-judgment and class-certification motion, especially on an incredibly truncated schedule, as the entire point of constitutional sovereign immunity is to protect state entities and state officials from the burdens of litigation. *See Freeman*, 556 F.3d at 342. This trumps any countervailing interests in administrative convenience, or in accommodating the plaintiffs' desire for a final judgment before September 1, 2021—especially when the compressed schedule is entirely attributable to the plaintiffs' own choice to wait until July 13 to file this lawsuit.

## II. Binding Precedent Also Requires Dismissal Of The State Agency Defendants, Warranting A Stay Until The Court Has Dismissed The Claims Against Them

The same is true for the state agency defendants, who cannot be sued under Article III or *Ex Parte Young* because Senate Bill 8 expressly prohibits them from "enforcing" section 3 of the Texas Heartbeat Act. *See Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) (en banc); *Ex parte Young*, 209 U.S. at 157 ("In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act"). The statute is clear:

> Notwithstanding Section 171.005 or any other law, the requirements of this subchapter shall be enforced exclusively through the private civil actions described in Section 171.208. No enforcement of this subchapter, and no enforcement of Chapters 19 and 22, Penal Code, in response to violations of this subchapter, may be taken or threatened by this state, a political subdivision, a district or county attorney, or an executive or administrative officer or employee of this state or a political subdivision against any person, except as provided in Section 171.208.

Tex. Health & Safety Code § 171.207. The plaintiffs' claim that section 171.207 only prohibits the state agency defendants from "directly"[2] enforcing the heartbeat law — and that it somehow leaves the door open for the state agency defendants to use other statutes to punish individuals who violate the Texas Heartbeat Act — is speculative. As explained in the state agency defendants' motion to dismiss, such a theory presents a novel question of state law that this court need not and should not address in the first instance. ECF No. 48 at 6–7 & nn.3–4. Regardless, the plaintiffs patently fail to establish jurisdiction over the state agency defendants because they have not even alleged, let alone actually shown, a "demonstrated willingness" of any state agency defendant to enforce Senate Bill 8. *See Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014); *see also Okpalobi*, 244 F.3d at 421 (en banc) (plurality). There is no showing

---

2. *See* Complaint, ECF No. 1 at ¶¶ 4, 76, 107.

that any state agency defendant "is likely to" institute any administrative actions related to Senate Bill 8. *See City of Austin v. Paxton*, 943 F.3d 993, 1001–02 (5th Cir. 2019). In short, the plaintiffs' novel theory that the state agency defendants might administratively "enforce" Senate Bill 8 rests on nothing but rank speculation, which cannot support Article III standing and cannot trigger the *Ex parte Young* exception to sovereign immunity. *See* State Defs.' Mot. to Dismiss (ECF No. 48) at 5–8.

So the state agency defendants—like Judge Jackson and Ms. Clarkston—are suffering constitutional injury from the Court's insistence that they respond to the motions for class certification and summary judgment. Their constitutional immunity from suit is indisputable given the text of section 171.207 and the plaintiffs' failure even to allege that a state agency defendant intends to "indirectly" enforce section 3 of the Heartbeat Act under the guise of enforcing another statute. And the constitutional magnitude of the harm that comes from subjecting these defendants to the burdens of litigation should prevail over any competing considerations that led the Court to reject their request for a stay of the class-certification and summary-judgment briefing schedule.

\* \* \*

Federal courts are required to determine that they have subject-matter jurisdiction before proceeding to the merits. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."). The Court declined to follow this rule because it claimed that "the impending September 1 deadline" would make it "impossible" to resolve the defendants' jurisdictional objections before compelling them to respond on the merits. See Scheduling Order, ECF No. 47 at 1. Now that the defendants have demonstrated the strength of their jurisdictional objections, the defendants respectfully ask the Court to reconsider its denial of defendants' motion to stay the class-certification and summary-judgment briefing schedule. The jurisdictional objections should be quickly and

easily resolved in the defendants' favor, and the defendants should not have the burden of precipitously responding to class-certification and summary-judgment motions that the Court has no jurisdiction to consider.

## CONCLUSION

The Court should reconsider its denial of defendants' motion and stay the briefing on plaintiffs' class-certification and summary-judgment motions until after the Court rules on jurisdictional grounds.

Dated: August 6, 2021                           Respectfully submitted.

Ken Paxton                                       /s/ Jonathan F. Mitchell
Attorney General of Texas                        Jonathan F. Mitchell
                                                 Texas Bar No. 24075463
Brent Webster                                    Mitchell Law PLLC
First Assistant Attorney General                 111 Congress Avenue, Suite 400
                                                 Austin, Texas 78701
Grant Dorfman                                    (512) 686-3940 (phone)
Deputy First Assistant Attorney General          (512) 686-3941 (fax)
                                                 jonathan@mitchell.law
Shawn E. Cowles
Deputy Attorney General for Civil Litigation     *Counsel for Defendant*
                                                 *Mark Lee Dickson*

Thomas A. Albright                               /s/ Andrew B. Stephens
Chief, General Litigation Division               Andrew B. Stephens
                                                 Texas Bar No. 24079396
 /s/ Benjamin S. Walton                          andrew@hackerstephens.com
Benjamin S. Walton                               Heather Gebelin Hacker
Texas Bar No. 24075241                           Texas Bar No. 24103325
benjamin.walton@oag.texas.gov                    heather@hackerstephens.com
Christopher D. Hilton                            Hacker Stephens LLP
Texas Bar No. 24087727                           108 Wild Basin Rd. South, Suite 250
christopher.hilton@oag.texas.gov                 Austin, Texas 78746
Halie Daniels                                    Tel: (512) 399-3022
Texas Bar No. 24100169
Halie.Daniels@oag.texas.gov                      *Counsel for Defendant Penny*
Assistant Attorneys General                      *Clarkston*
General Litigation Division
Beth Klusmann

Texas Bar No. 24036918
beth.klusmann@oag.texas.gov
Natalie D. Thompson
Texas Bar No. 24088529
Natalie.Thompson@oag.texas.gov
Assistant Solicitors General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

*Counsel for State Defendants*

## CERTIFICATE OF CONFERENCE

I certify that defendants' counsel conferred with Marc Hearron, counsel for the plaintiffs, who stated that the plaintiffs oppose this motion.

 /s/ Jonathan F. Mitchell  
Jonathan F. Mitchell  
*Counsel for Defendant*  
*Mark Lee Dickson*

## CERTIFICATE OF SERVICE

I certify that on August 6, 2021, I served this document by e-mail and first-class mail upon:

CHRISTEN MASON HEBERT
Johns & Hebert PLLC
2028 East Ben White Blvd
Suite 240-1000
Austin, Texas 78741
(512) 399-3150
chebert@johnshebert.com

*Counsel for all Plaintiffs*

MARC HEARRON
Center for Reproductive Rights
1634 Eye Street, NW, Suite 600
Washington, DC 20006
(202) 524-5539
mhearron@reprorights.org

MOLLY DUANE
KIRBY TYRRELL
MELANIE FONTES
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, New York 10038
(917) 637-3631
mduane@reprorights.org
ktyrrell@reprorights.org
mfontes@reprorights.org

JAMIE A. LEVITT
J. ALEXANDER LAWRENCE
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000
jlevitt@mofo.com
alawrence@mofo.com

*Counsel for Whole Woman's Health, Whole Woman's Health Alliance, Marva*

JULIE MURRAY
RICHARD MUNIZ
Planned Parenthood Federation of America
1110 Vermont Avenue, NW Suite 300
Washington, DC 20005
(202) 973-4997
julie.murray@ppfa.org
richard.muniz@ppfa.org

*Counsel for Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Planned Parenthood Center for Choice, and Bhavik Kumar*

JULIA KAYE
BRIGITTE AMIRI
CHELSEA TEJADA
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2633
jkaye@aclu.org
bamiri@aclu.org
ctejada@aclu.org

LORIE CHAITEN
American Civil Liberties Union Foundation
1640 North Sedgwick Street
Chicago, Illinois 60614
(212) 549-2633
rfp_lc@aclu.org

ADRIANA PINON
DAVID DONATTI
ANDRE SEGURA
ACLU Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, TX 77007

*Sadler, Southwestern Women's Surgery Center, Allison Gilbert, Brookside Women's Medical Center PA d/b/a Brookside Women's Health Center and Austin Women's Health Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Houston Women's Reproductive Services, Daniel Kanter, and Erika Forbes,*

STEPHANIE TOTI
Lawyering Project
41 Schermerhorn Street #1056
Brooklyn, New York 11201
(646) 490-1083
stoti@lawyeringproject.org

RUPALI SHARMA
Lawyering Project
197 Pine Street, Apt. 23
Portland, Maine 04102
(908) 930-6445
rsharma@lawyeringproject.org

*Counsel for The Afiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund*

ANDREW B. STEPHENS
HEATHER GEBELIN HACKER
Hacker Stephens LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)
andrew@hackerstephens.com
heather@hackerstephens.com

*Counsel for Defendant Penny Clarkston*

(713) 942-8146 (phone)
(713) 942-8966 (fax)
apinon@aclutx.org
ddonatti@aclutx.org
asegura@aclutx.org

*Counsel for Houston Women's Clinic*

BENJAMIN S. WALTON
CHRISTOPHER D. HILTON
HALIE DANIELS
Assistant Attorneys General
General Litigation Division
BETH KLUSMANN
Assistant Solicitor General
NATALIE THOMPSON
Assistant Solicitor General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)
benjamin.walton@oag.texas.gov
christopher.hilton@oag.texas.gov
halie.daniels@oag.texas.gov
beth.klusmann@oag.texas.gov
natalie.thompson@oag.texas.gov

*Counsel for State Defendants*

 /s/ Jonathan F. Mitchell 
JONATHAN F. MITCHELL
*Counsel for Defendant
Mark Lee Dickson*