IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | CASE NO. 1:21-CV-616-RP |
| AUSTIN REEVE JACKSON, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT**

Senate Bill 8, 87th Leg., Reg. Sess. (Tex. 2021) ("S.B. 8" or the "Act"), bans abortion in Texas at approximately six weeks of pregnancy, far in advance of the viability line established by the Supreme Court. *See Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 870 (1992). On July 13, 2021, Plaintiffs filed this case to challenge the Act's constitutionality, *see* Compl. (ECF No. 1), and immediately moved for summary judgment, Pls.' Mot. for Summ. J. & Mem. of Law in Supp. (ECF No. 19) ("Pls.' MSJ"). Plaintiffs filed this case under both (1) 42 U.S.C. § 1983, seeking prospective equitable relief against government officials in their official capacity, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989), and (2) under the equitable cause of action recognized in *Ex parte Young*, 209 U.S. 123 (1908), *see* Compl. ¶ 21 (invoking the "equitable powers of the Court, including the Court's inherent authority to enforce the supremacy of federal law" against state officials acting contrarywise). Plaintiffs now file this motion for a temporary restraining order ("TRO") and preliminary injunction as an alternative to summary judgment.

1

Should the Act take effect on September 1, 2021, as scheduled, Plaintiffs and abortion patients throughout Texas would immediately suffer irreparable harm in the form of deprivation of their constitutional rights. Indeed, one Defendant has admitted that he expects most if not all Texas abortion providers to stop providing constitutionally protected pre-viability abortion care after six weeks of pregnancy rather than expose themselves "to ruinous civil liability." Dickson Decl. ¶¶ 5-6 (ECF No. 50-1). Either preliminary injunctive relief or a final judgment on the merits is needed prior to September 1 to ensure that Texas residents can continue to exercise their constitutional right to access safe, pre-viability abortion care after the Act's effective date.

For the reasons set forth below, the requirements for entry of a TRO and preliminary injunction are satisfied on the record already before the Court.

## STATEMENT OF FACTS

Plaintiffs provided a detailed recitation of the relevant facts—with citations to the evidentiary record—in their motion for summary judgment. *See* Pls.' MSJ at 5-22. In the interest of judicial economy, Plaintiffs incorporate that statement of facts by reference here.

## ARGUMENT

### I. STANDARD FOR GRANTING A TRO AND PRELIMINARY INJUNCTION

The Court should enter a preliminary injunction against enforcement of the Act because: (1) Plaintiffs are likely to succeed on the merits of their claims; (2) Plaintiffs are likely to suffer irreparable harm absent an injunction; (3) the balance of equities tips in Plaintiffs' favor; and (4) a preliminary injunction would serve the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). District courts have "wide discretion" in granting preliminary injunctions. *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987). "[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and on evidence that is less complete than

a trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). For example, a district court need not hold an evidentiary hearing before issuing a preliminary injunction, particularly where the "defendants do not point to any convincing factual disputes." *Dixon*, 835 F.2d at 558.

The standard for granting a TRO is identical to the standard for granting a preliminary injunction. *DeFranceschi v. Seterus, Inc.*, No. 4:15-CV-870-O, 2016 WL 6496323, at *1 (N.D. Tex. Aug. 2, 2016) ("A temporary restraining order ('TRO') is 'simply a highly accelerated and temporary form of preliminary injunctive relief,' which requires that party seeking such relief to establish the same four elements for obtaining a preliminary injunction" (quoting *Hassani v. Napolitano*, No. 3:09-cv-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. 2009))). Generally, a TRO may last up to 14 days. Fed. R. Civ. P. 65(b)(2). The Court may extend it for another 14 days (for a total of 28 days) if it finds "good cause" or the party to be enjoined consents. *Pizza Hut LLC v. Pandya*, No. 4:19-CV-00726-RWS, 2019 WL 8331437, at *3 (E.D. Tex. Nov. 26, 2019) (granting a TRO and finding good cause to extend the TRO to 28 days). If (and only if) the Court extends a TRO beyond the time permissible under Federal Rule of Civil Procedure 65(b)(2) without consent of the enjoined party, it becomes an enforceable preliminary injunction that can be appealed. *See Sampson v. Murray*, 415 U.S. 61, 86 (1974); *see also Insight Direct USA, Inc. v. Kelleher*, No. 1:17-CV-252-RP, 2017 WL 1371252, at *2 (W.D. Tex. Apr. 10, 2017) (holding that a TRO that does not extend beyond the time permitted under FRCP 65(b)(2) is not appealable as a preliminary injunction).

## II. PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIMS

### A. This Court Has Subject Matter Jurisdiction

Defendants have filed a series of motions to dismiss for lack of subject-matter jurisdiction. *See* State Agency Defs.' R. 12(b)(1) Mot. to Dismiss (ECF No. 48); Def. Judge Jackson's R. 12(b)(1) Mot. to Dismiss (ECF No. 49); Def. Mark Lee Dickson's Mot. to Dismiss for Lack of Subject-Matter Jurisdiction (ECF No. 50); Def. Penny Clarkston's Mot. to Dismiss for Lack of Jurisdiction (ECF No. 51). In accordance with the Court's Scheduling Order (ECF No. 47), Plaintiffs will file opposition to these motions by August 11, 2021, at 5:00 p.m. Plaintiffs hereby incorporate by reference their forthcoming opposition to Defendants' motions to dismiss, which will make clear that the Court has subject-matter jurisdiction over this action.

### B. Plaintiffs Are Likely to Succeed on the Merits of Their Due Process, Equal Protection, First Amendment, and Federal Preemption Claims

For the reasons set forth in Plaintiffs' motion for summary judgment, which are incorporated herein by reference, Plaintiffs are likely to succeed on the merits of their due process, equal protection, First Amendment, and federal preemption claims. *See* Pls.' MSJ at 22-48.

Should the Court determine that Plaintiffs are likely to prevail on the merits of their claim that the Act's abortion-ban provision, *id.* at 22-26, violates the Due Process Clause of the Fourteenth Amendment, it need not consider the merits of Plaintiffs' claims concerning the Act's enforcement provisions, *id.* at 26-42. Similarly, should the Court determine that Plaintiffs are likely to succeed on the merits of their claim that the Act's fee-shifting provision violates the First Amendment, *id.* at 42-45, it need not consider whether the fee-shifting provision is also preempted by federal law, *id.* at 46-48.

### C.  Plaintiffs Are Entitled to Injunctive Relief Against the Defendant Classes of Judges and Clerks

Section 1983 provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, with respect to the Defendant class of judges, Plaintiffs seek prospective injunctive relief from actions taken in the judges' official capacity as the state officials charged by the Texas Legislature with enforcing S.B. 8's abortion ban, rather than their official judicial capacity. Indeed, the class representative, Judge Jackson, acknowledged at a press conference that his role vis-à-vis S.B. 8 is to "enforce the law in east Texas." Lawrence Decl. Ex. A. Accordingly, the limitation on injunctive relief set forth in Section 1983 does not apply to the Defendant class of judges. *See LeClerc v. Webb*, 419 F.3d 405, 414 (5th Cir. 2005) ("[Section 1983] only precludes injunctive relief for suits against a judicial defendant acting in his 'judicial capacity.' Thus, to the extent that the plaintiffs seek declaratory and injunctive relief against the *enforcement* of Section 3(B) only, the court and its individual members are subject to the instant suits.").

Alternatively, should the Court conclude that the Defendant class of judges would be acting in their official judicial capacity when enforcing S.B. 8, Plaintiffs would be entitled to a TRO or preliminary injunction against the class if declaratory relief were unavailable as of the Act's effective date. *See* S. Rep. No. 104–366 at 37 (1996) ("[L]itigants . . . may obtain injunctive relief if a declaratory decree is violated or is otherwise unavailable."). Thus, if the Court is unable to resolve Plaintiffs' motion for summary judgment—which includes a request for declaratory relief against the judge class—by September 1, temporary injunctive relief until such time as declaratory relief is available would be both permissible and appropriate.

5

The Defendant class of clerks are not encompassed within Section 1983's limitation on injunctive relief because they are not "judicial officer[s]." *See, e.g.*, *United States v. Zamora*, 408 F. Supp. 2d 295 (S.D. Tex. 2006) (distinguishing between court clerk and "judicial officer"); *see* S. Rep. No. 104–366 at 37 (1996) (explaining that the limitation on injunctive relief in Section 1983 applies to "judicial officers," meaning "justices, judges and magistrates"). Even if the clerks were judicial officers, injunctive relief is appropriate against them for the same reasons it is appropriate against the Defendant class of judges.

### III.  ABSENT AN INJUNCTION, PLAINTIFFS AND TEXAS ABORTION PATIENTS ARE LIKELY TO SUFFER IRREPARABLE HARM

As Plaintiffs observe in their motion for summary judgment, threatened violation of constitutional rights constitutes irreparable harm. *See* Pls.' MSJ at 48; *see Elrod v. Burns*, 427 U.S. 347, 373 (1976) (threatened violation of First Amendment rights); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. Unit B 1981) (threatened violation of abortion rights); 11A Charles Alan Wright, et al., *Federal Practice & Procedure* § 2948.1 (3d ed. 2013) ("When an alleged deprivation of a constitutional right is involved, . . . most courts hold that no further showing of irreparable injury is necessary."). Thus, in demonstrating a likelihood of success on the merits of their constitutional claims, Plaintiffs have also demonstrated that, in the absence of an injunction, they and their staff are likely to suffer irreparable harm, as are abortion patients throughout Texas. *See* Pls.' MSJ at 22-48. Indeed, if allowed to take effect, S.B. 8 will prohibit nearly all abortions in the State of Texas, blocking tens of thousands of patients of reproductive age from access to this time-sensitive care.

## IV. THE REMAINING FACTORS WEIGH IN FAVOR OF GRANTING AN INJUNCTION

As Plaintiffs demonstrate in their Motion for Summary Judgment, the other factors weigh in favor of granting an injunction. *See* Pls.' MSJ at 49–50. The balance of equities tips in Plaintiffs' favor because the injuries that Plaintiffs and abortion patients would suffer from deprivation of their constitutional rights while this case is pending far outweigh any injury to Defendants from having to delay enforcement. *See De Leon v. Perry*, 975 F. Supp. 2d 632, 664 (W.D. Tex. 2014) (holding that threatened injuries to individual constitutional rights outweighed any harm to state officials from enjoining enforcement of legislation), *aff'd sub nom. De Leon v. Abbott,* 791 F.3d 619 (5th Cir. 2015).  Further, entry of a preliminary injunction would not disserve the public interest because it would protect Plaintiffs and their patients from enforcement of an unconstitutional law. *See Jackson Women's Health Org.*, 760 F.3d at 458 n.9 ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights." (quoting *Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012))).

## V. THE INJUNCTION SHOULD ISSUE WITHOUT SECURITY

In general, the party seeking a preliminary injunction must "give[ ] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  Here, entry of the preliminary injunction requested by Plaintiffs would not subject Defendants to any costs or damages. Accordingly, security is unnecessary in this case. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) ("In holding that the amount of security required pursuant to Rule 65(c) 'is a matter for the discretion of the trial court,' we have ruled that the court 'may elect to require no security at all.'" (quoting *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 303 (5th Cir. 1978))); *Franciscan All., Inc. v. Burwell*, 227 F. Supp. 3d 660, 696 (N.D. Tex. 2016).

## CONCLUSION

For the reasons set forth above, if the Court is unable to grant Plaintiffs' motion for summary judgment by September 1, 2021, it should enter a TRO followed by a preliminary injunction enjoining enforcement of the Act prior to entry of final judgment. In particular, the Court should enjoin all Defendants from seeking to enforce or participating in the enforcement of S.B. 8 directly or indirectly and from seeking or awarding costs and attorney's fees under S.B. 8's fee-shifting provision with respect to any covered claim brought by Plaintiffs in this or other litigation.

Dated: August 7, 2021

Respectfully submitted,

*/s/ Marc Hearron*

Christen Mason Hebert
(Texas Bar No. 24099898)
Johns & Hebert PLLC
2028 East Ben White Blvd
Suite 240-1000
Austin, TX 78741
(512) 399-3150
chebert@johnshebert.com

*Attorney for all Plaintiffs*

Marc Hearron (Texas Bar No. 24050739)*
Center for Reproductive Rights
1634 Eye St., NW, Suite 600
Washington, DC  20006
(202) 524-5539
mhearron@reprorights.org

Molly Duane*
Kirby Tyrrell*
Melanie Fontes*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3631
mduane@reprorights.org
ktyrrell@reprorights.org
mfontes@reprorights.org

Jamie A. Levitt*
J. Alexander Lawrence*
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 468-8000
jlevitt@mofo.com
alawrence@mofo.com

*Attorneys for Whole Woman's Health, Whole Woman's Health Alliance, Marva Sadler, Southwestern Women's Surgery Center, Allison Gilbert, M.D., Brookside Women's Medical*

Julie Murray*
Richard Muniz*
Planned Parenthood Federation of America
1110 Vermont Ave., NW Ste. 300
Washington, DC 20005
(202) 973-4997
julie.murray@ppfa.org
richard.muniz@ppfa.org

*Attorneys for Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Planned Parenthood Center for Choice, and Dr. Bhavik Kumar*

Julia Kaye*
Brigitte Amiri*
Chelsea Tejada*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
jkaye@aclu.org
bamiri@aclu.org
ctejada@aclu.org

Lorie Chaiten*
American Civil Liberties Union Foundation
1640 North Sedgwick Street
Chicago, IL 60614
(212) 549-2633
rfp_lc@aclu.org

Adriana Pinon (Texas Bar No. 24089768)
David Donatti (Texas Bar No. 24097612)
Andre Segura (Texas Bar No. 24107112)
ACLU Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, TX 77007

9

<div style="display: flex;">

*Center PA d/b/a Brookside Women's Health Center and Austin Women's Health Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Houston Women's Reproductive Services, Reverend Daniel Kanter, and Reverend Erika Forbes*

Tel. (713) 942-8146
Fax: (713) 942-8966
apinon@aclutx.org
ddonatti@aclutx.org
asegura@aclutx.org

*Attorneys for Houston Women's Clinic*

Stephanie Toti
LAWYERING PROJECT
41 Schermerhorn Street #1056
Brooklyn, NY 11201
(646) 490-1083
stoti@lawyeringproject.org

Rupali Sharma*
LAWYERING PROJECT
197 Pine Street, Apt. 23
Portland, ME 04102
(908) 930-6445
rsharma@lawyeringproject.org

*Attorneys for The Afiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund*

</div>

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that today, August 7, 2021, I electronically filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<div style="text-align:right">

*/s/ Marc Hearron*
Marc Hearron

</div>