IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AUSTIN REEVE JACKSON, et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION <br><br> CASE NO. 1:21-CV-616-RP |

### [PROPOSED] TEMPORARY RESTRAINING ORDER

Plaintiffs have moved for a temporary restraining order ("TRO") and preliminary injunction to enjoin Defendants from enforcing Senate Bill 8, 87th Leg., Reg. Sess. (Tex. 2021) ("S.B. 8" or the "Act"). The Court, having considered the arguments and legal authority presented in connection with Plaintiffs' motion, as well as the evidentiary record, has found and concluded, for the specific reasons required under Federal Rule of Civil Procedure 65(d) and in accordance with Local Rule 65, that a TRO should be entered.  As detailed below, Plaintiffs have shown that (1) they have a likelihood of success on the merits of their claims; (2) they are likely to suffer irreparable harm absent a TRO; (3) the balance of equities tip in Plaintiffs' favor; and (4) a TRO would serve the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As an initial matter, the Court finds that Plaintiffs have established the requirements for subject-matter jurisdiction.  In particular, the requirements for Article III standing are satisfied, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), and the Eleventh Amendment does not bar Plaintiffs' claims against any of the named Defendants or Defendant classes, *see Ex parte Young*, 209 U.S. 123 (1908).

1

The Court further finds that Plaintiffs have established a substantial likelihood of success on the merits of their claim that Section 3 of S.B. 8 violates the Due Process Clause of the Fourteenth Amendment because it bans abortion at approximately six weeks of pregnancy, far in advance of the viability line established by the Supreme Court. *See Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 870 (1992).

The Court further finds that Plaintiffs have established a substantial likelihood of success on the merits of their claim that Section 4 of S.B. 8 violates the First Amendment rights to freedom and speech and petition the courts by discriminating against litigants on the basis of their viewpoint. *See Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020); *City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 196 (2003); *S. Christian Leadership Conf. v. Sup. Ct. of La.*, 252 F.3d 781, 792 (5th Cir. 2001).

The Court further finds that, absent a TRO, Plaintiffs and abortion patients throughout Texas will suffer irreparable harm in the form of deprivations of their constitutional rights. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. Unit B 1981).

The Court further finds that the balance of equities tips in Plaintiffs' favor because the injuries that Plaintiffs and abortion patients would suffer from deprivation of their constitutional rights while this case is pending far outweigh any injury to Defendants from having to delay the Act's enforcement, s*ee De Leon v. Perry*, 975 F. Supp. 2d 632, 664 (W.D. Tex. 2014), *aff'd sub nom. De Leon v. Abbott,* 791 F.3d 619 (5th Cir. 2015), and that entry of a TRO would not disserve the public interest because it would protect Plaintiffs and their patients from enforcement of an unconstitutional law, *see Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014).

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' application for a TRO is **GRANTED**. Defendants and their employees, agents, successors, and all others acting in concert or participating with them are **TEMPORARILY RESTRAINED** from attempting to enforce, enforcing, or participating in the enforcement of S.B. 8 directly or indirectly, including through docketing or prosecution of cases filed under S.B. 8 in Texas courts, and from seeking or awarding costs and attorney's fees under Section 4 of S.B. 8 with respect to any covered claim brought by Plaintiffs in this or other litigation.

**IT IS FURTHER ORDERED** that this temporary restraining order shall expire on August_____, 2021, at _____. This order may be extended for good cause, pursuant to Federal Rule of Civil Procedure 65.

Plaintiffs shall not be required to post a bond. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996).

SIGNED at _____, this _____ day of August 2021

_____
Honorable Robert Pitman
United States District Judge