IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) CASE NO. 1:21-CV-616-RP |
| AUSTIN REEVE JACKSON, et al., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION

This Court should deny Defendants' motion for reconsideration of their motion to stay summary judgment and class certification proceedings.

### BACKGROUND

On July 27, 2021, Defendants moved this Court to stay proceedings on summary judgment and class certification. (ECF No. 39). After a status conference on August 4, 2021, in which this Court heard the parties' arguments concerning Defendants' motion for a stay, the Court denied Defendants' motion. (ECF No. 47). Mindful that the impending effective date of Texas Senate Bill 8, 87th Leg., Reg. Sess. (Tex. 2021) ("S.B. 8"), made sequential briefing impossible, this Court set a concurrent briefing schedule for the then-forthcoming motions to dismiss and the pending summary judgment and class certification motions.

On Friday, August 6, 2021 at 11:46 am, all Defendants moved for reconsideration of the Court's decision with respect to the briefing schedule in this case and the denial of Defendants' motion to stay. (ECF No. 52).

In the early morning hours of Saturday, August 7, 2021, Defendants Clarkston and Dickson filed a Petition for Writ of Mandamus and an Emergency Motion to Stay Non-Jurisdictional

1

Proceedings Pending Mandamus and, Alternatively, for a Temporary Administrative Stay Pending Consideration of This Motion and Motion to Expedite. *See In re Clarkston*, 21-50708 (5th Cir. August 7, 2021). The remaining Defendants did not join that Fifth Circuit action. Plaintiffs promptly responded by letter to the Fifth Circuit asking that the Court refrain from resolving the motion for a stay and administrative stay until Plaintiffs were able to file their opposition. Shortly thereafter, Defendants Clarkston and Dickson submitted a further letter to the Fifth Circuit bringing to its attention that Plaintiffs had filed a Motion for a Temporary Restraining Order and Preliminary Injunction, which Plaintiffs filed to provide the Court flexibility should it be unable to rule on the summary judgment motion by September 1, 2021. (ECF No. 53).

On August 7, 2021, before Plaintiffs could file a response to the emergency motion, the Fifth Circuit ordered that "a stay of the obligation of Penny Clarkston and Mark Lee Dickson to file a response to the pending motion for summary judgment is GRANTED until further order of this court." The Fifth Circuit further ordered Plaintiffs to "file a response to the two Petitioners' petition to [the court of appeals] by 5:00 p.m. central time on August 10, 2021." The Fifth Circuit further invited this Court to respond to Clarkston and Dickson's petition for writ of mandamus. And if such a response is issued, the Fifth Circuit urged this Court to state whether it is the Court's "intention to rule on properly filed motions to dismiss based on an absence of jurisdiction before ruling on any merits issues in the case." The Fifth Circuit did not stay briefing on the pending class certification motion or the pending motion for a temporary restraining order and preliminary injunction. The Fifth Circuit further did not stay the other Defendants' briefing of the summary judgment motion.

On August 8, 2021, the State Defendants filed a Motion for Expedited Ruling on their Motion to Reconsider. (ECF No. 54). In that motion, the State Defendants state that "the Fifth

Circuit granted those Defendants' motion for stay." But as noted above, the Fifth Circuit did not stay briefing on the pending class certification motion or the pending motion for a temporary restraining order and preliminary injunction. The State Defendants further state that they "are similarly situated and therefore should receive the same relief." To the extent this Court were to afford the State Defendants any relief as a matter of discretion, it should certainly be no greater than the relief provided by the Fifth Circuit to Defendants Clarkston and Dickson, that is, a stay only of the summary judgment briefing and only until such time as the Fifth Circuit enters a further order in *In re Clarkston*, 21-50708.

## ARGUMENT

This Court properly denied Defendants' motion to stay summary judgment and class certification briefing. *See Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996) (holding a district court has broad discretion in its managing docket). Plaintiffs have never requested that this Court rule on the merits in this case before addressing jurisdictional or sovereign immunity issues. District courts routinely hear jurisdictional and sovereign immunity challenges together with other issues. And a court only resolves the other issues once the court has satisfied itself that it has jurisdiction and the defendants are not immune from suit. But none of the authorities cited by Defendants requires that briefing on those other issues be stayed until the court decides the jurisdictional or sovereign immunity issues. Indeed, the Federal Rules of Civil Procedure contemplate, and parties routinely engage in, simultaneous briefing of jurisdictional, sovereign immunity, and merits issues. *See* F.R.C.P. 12(g)(2) (requiring parties to raise jurisdictional and merits defenses in the same motion).

To obtain a stay, Defendants needed to show a "clear case of hardship or inequity" from the proceeding they sought to stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); see *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (the burden of establishing the need for a stay rests with the

3

movant). Defendants did not meet that burden and cannot meet it now. The Court properly weighed the countervailing interest in this case—the irreparable harm Plaintiffs will suffer should a stay of proceedings issue. *Rodriguez v. Grand Prairie Indep. Sch. Dist.*, No. 3:13-CV-1788-D, 2014 WL 4055364, at *1 (N.D. Tex. Aug. 15, 2014) ("The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court."). This Court properly denied Defendants' motion to stay and should deny their motion for reconsideration of that denial.

Under the schedule set by the Court, Plaintiffs must file their oppositions to Defendants' motions to dismiss by August 11, 2021 at 5 p.m. But Plaintiffs will endeavor to file those opposition briefs as soon as practicable. Pursuant to the Fifth Circuit's administrative stay order, Plaintiffs must file their response to Defendant Clarkston and Defendant Dickson's Petition for a Writ of Mandamus by August 10, 2021 at 5 p.m. Thus, in short order, Plaintiffs will have submitted full briefing explaining why Defendants' jurisdictional and sovereign immunity arguments lack merit. While briefing on all of the other issues presented by each of the pending motions in the case should continue, Plaintiffs have no doubt that this Court will reach a decision on the jurisdictional and sovereign immunity issues before reaching a decision on any other issues. Courts routinely review and rule on issues in this same order.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion for reconsideration.

Dated: August 8, 2021

Respectfully submitted,

*/s/ Marc Hearron*

Christen Mason Hebert
(Texas Bar No. 24099898)
Johns & Hebert PLLC
2028 East Ben White Blvd
Suite 240-1000
Austin, TX 78741
(512) 399-3150
chebert@johnshebert.com

*Attorney for all Plaintiffs*

Marc Hearron (Texas Bar No. 24050739)*
Center for Reproductive Rights
1634 Eye St., NW, Suite 600
Washington, DC 20006
(202) 524-5539
mhearron@reprorights.org

Molly Duane*
Kirby Tyrrell*
Melanie Fontes*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3631
mduane@reprorights.org
ktyrrell@reprorights.org
mfontes@reprorights.org

Jamie A. Levitt*
J. Alexander Lawrence*
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 468-8000
jlevitt@mofo.com
alawrence@mofo.com

*Attorneys for Whole Woman's Health, Whole Woman's Health Alliance, Marva Sadler, Southwestern Women's Surgery Center, Allison Gilbert, M.D., Brookside Women's Medical*

Julie Murray*
Richard Muniz*
Planned Parenthood Federation of America
1110 Vermont Ave., NW Ste. 300
Washington, DC 20005
(202) 973-4997
julie.murray@ppfa.org
richard.muniz@ppfa.org

*Attorneys for Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Planned Parenthood Center for Choice, and Dr. Bhavik Kumar*

Julia Kaye*
Brigitte Amiri*
Chelsea Tejada*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
jkaye@aclu.org
bamiri@aclu.org
ctejada@aclu.org

Lorie Chaiten*
American Civil Liberties Union Foundation
1640 North Sedgwick Street
Chicago, IL 60614
(212) 549-2633
rfp_lc@aclu.org

Adriana Pinon (Texas Bar No. 24089768)
David Donatti (Texas Bar No. 24097612)
Andre Segura (Texas Bar No. 24107112)
ACLU Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, TX 77007

5

*Center PA d/b/a Brookside Women's Health Center and Austin Women's Health Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Houston Women's Reproductive Services, Reverend Daniel Kanter, and Reverend Erika Forbes*

Tel. (713) 942-8146
Fax: (713) 942-8966
apinon@aclutx.org
ddonatti@aclutx.org
asegura@aclutx.org

*Attorneys for Houston Women's Clinic*

Stephanie Toti
LAWYERING PROJECT
41 Schermerhorn Street #1056
Brooklyn, NY 11201
(646) 490-1083
stoti@lawyeringproject.org

Rupali Sharma*
LAWYERING PROJECT
197 Pine Street, Apt. 23
Portland, ME 04102
(908) 930-6445
rsharma@lawyeringproject.org

*Attorneys for The Afiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund*

\*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that today, August 8, 2021, I electronically filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Marc Hearron*
Marc Hearron
