UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**Whole Woman's Health**, et al.,

    Plaintiffs,

v.

**Austin Reeve Jackson**, et al.,

    Defendants.

Case No. 1:21-cv-00616-RP

### DEFENDANT MARK LEE DICKSON'S MOTION TO STRIKE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION FOR VIOLATING LOCAL RULE 7(c)(2)

The rules of this Court limit a motion for preliminary injunction to 20 pages. *See* Local Rule 7(c)(2). On August 7, 2021, the plaintiffs filed a motion for preliminary injunction that is eight pages long. *See* Pls.' Mot. for Prelim. Inj., ECF No. 53. But this motion does not present an argument for how this Court could assert subject-matter jurisdiction over the plaintiffs' claims. *See id*. at 4. Instead, the motion purports to "incorporate by reference the[ ] forthcoming opposition to Defendants' motions to dismiss, which will make clear that the Court has subject-matter jurisdiction over this action." *Id*. On August 11, 2021, the plaintiffs filed three separate briefs opposing the defendants' motions to dismiss for lack of subject-matter jurisdiction, which came in at 20, 19, and 36 pages in length. *See* ECF Nos. 56, 57, and 62.

The motion for preliminary injunction also fails to present an argument for how the plaintiffs are likely to succeed on the merits of their claims. *See* Pls.' Mot. for Prelim. Inj., ECF No. 53 at 4. Instead, it purports to incorporate a 50-page motion for summary judgment that was filed on July 13, 2021. *See id*.

The plaintiffs have used these incorporation-by-reference maneuvers to give themselves 133 pages of preliminary-injunction briefing: 8 pages for the original motion, plus 50 pages for the incorporated summary-judgment brief, plus 75 pages for their three briefs in opposition to the defendants' Rule 12(b)(1) motions. The plaintiffs have done this without seeking leave of court to exceed the 20-page limit in Rule 7(c)(2). And they have done this without conferring with the defendants on whether we would agree to any of this.

Litigants are not permitted to circumvent word limits by incorporating other briefs by reference. *See Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 815–16 (3d Cir. 2016) (allowing parties to incorporate other briefs by reference "would effectively nullify the page or word limits imposed by the appellate and local rules."). The plaintiffs must seek leave of court if they wish to incorporate briefs that will push their motion for preliminary injunction beyond the 20-page limit. And they must confer with the defendants before doing so.

The Court should strike the motion for preliminary injunction that the plaintiffs filed on August 7, 2021, and it should instruct the plaintiffs to submit a new motion that complies with Rule 7(c)(2). If the plaintiffs believe that they need more than 20 pages to present their arguments for a preliminary injunction, then they must seek leave of court to exceed the page limits after conferring with the defendants. They do not get to help themselves to 133 pages of preliminary-injunction briefing by incorporating other briefs by reference — and they cannot use this maneuver to force the defendants to respond to 133 pages of briefing at the hearing set for August 30.

## CONCLUSION

The Court should strike the plaintiffs' motion for preliminary injunction for violating Rule 7(c)(2).

                              Respectfully submitted.

                              */s/ Jonathan F. Mitchell*
                              Jonathan F. Mitchell
                              Texas Bar No. 24075463
                              Mitchell Law PLLC
                              111 Congress Avenue, Suite 400
                              Austin, Texas 78701
                              (512) 686-3940 (phone)
                              (512) 686-3941 (fax)
                              jonathan@mitchell.law

Dated: August 16, 2021                *Counsel for Defendant*
                              *Mark Lee Dickson*

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Marc Hearron, counsel for the plaintiffs, and he informed me that the plaintiffs oppose this motion.

        /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Defendant*
*Mark Lee Dickson*

## CERTIFICATE OF SERVICE

I certify that on August 16, 2021, I served this document by CM/ECF upon:

CHRISTEN MASON HEBERT
Johns & Hebert PLLC
2028 East Ben White Blvd
Suite 240-1000
Austin, Texas 78741
(512) 399-3150
chebert@johnshebert.com

*Counsel for all Plaintiffs*

MARC HEARRON
Center for Reproductive Rights
1634 Eye Street, NW, Suite 600
Washington, DC 20006
(202) 524-5539
mhearron@reprorights.org

MOLLY DUANE
KIRBY TYRRELL
MELANIE FONTES
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, New York 10038
(917) 637-3631
mduane@reprorights.org
ktyrrell@reprorights.org
mfontes@reprorights.org

JAMIE A. LEVITT
J. ALEXANDER LAWRENCE
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
(212) 468-8000
jlevitt@mofo.com
alawrence@mofo.com

*Counsel for Whole Woman's Health, Whole Woman's Health Alliance, Marva Sadler, Southwestern Women's Surgery Center, Allison Gilbert, Brookside*

JULIE MURRAY
RICHARD MUNIZ
Planned Parenthood Federation of America
1110 Vermont Avenue, NW Suite 300
Washington, DC 20005
(202) 973-4997
julie.murray@ppfa.org
richard.muniz@ppfa.org

*Counsel for Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Planned Parenthood Center for Choice, and Bhavik Kumar*

JULIA KAYE
BRIGITTE AMIRI
CHELSEA TEJADA
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2633
jkaye@aclu.org
bamiri@aclu.org
ctejada@aclu.org

LORIE CHAITEN
American Civil Liberties Union Foundation
1640 North Sedgwick Street
Chicago, Illinois 60614
(212) 549-2633
rfp_lc@aclu.org

ADRIANA PINON
DAVID DONATTI
ANDRE SEGURA
ACLU Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, TX 77007
(713) 942-8146 (phone)
(713) 942-8966 (fax)

*Women's Medical Center PA d/b/a Brookside Women's Health Center and Austin Women's Health Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Houston Women's Reproductive Services, Daniel Kanter, and Erika Forbes,*

STEPHANIE TOTI
Lawyering Project
41 Schermerhorn Street #1056
Brooklyn, New York 11201
(646) 490-1083
stoti@lawyeringproject.org

RUPALI SHARMA
Lawyering Project
197 Pine Street, Apt. 23
Portland, Maine 04102
(908) 930-6445
rsharma@lawyeringproject.org

*Counsel for The Afiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund*

ANDREW B. STEPHENS
HEATHER GEBELIN HACKER
Hacker Stephens LLP
108 Wild Basin Road South, Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)
andrew@hackerstephens.com
heather@hackerstephens.com

*Counsel for Defendant Penny Clarkston*

apinon@aclutx.org
ddonatti@aclutx.org
asegura@aclutx.org

*Counsel for Houston Women's Clinic*

BENJAMIN S. WALTON
CHRISTOPHER D. HILTON
HALIE DANIELS
Assistant Attorneys General
General Litigation Division
BETH KLUSMANN
Assistant Solicitor General
NATALIE THOMPSON
Assistant Solicitor General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)
benjamin.walton@oag.texas.gov
christopher.hilton@oag.texas.gov
halie.daniels@oag.texas.gov
beth.klusmann@oag.texas.gov
natalie.thompson@oag.texas.gov

*Counsel for State Defendants*

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Defendant Mark Lee Dickson*