**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| v. | § | Cause No. 1:21-cv-00616-RP |
| | § | |
| AUSTIN REEVE JACKSON, et al., | § | |
| | § | |
| *Defendants.* | § | |

**JUDGE JACKSON'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

Table of Contents...................................................................................................ii

Index of Authorities.............................................................................................iii

Introduction ......................................................................................................... 1

Background ........................................................................................................... 1

   I.   Senate Bill 8 .................................................................................................. 1

      A.  Section 3 ................................................................................................ 2

      B.  Section 4 ................................................................................................ 4

   II.  This Lawsuit .............................................................................................. 4

Argument & Authorities...................................................................................... 6

   I.   The Court Cannot Certify a Class that Includes Defendants Whom Plaintiffs Lack Standing to Sue.......................................................................... 7

   II.  Plaintiffs Fail to Satisfy Rule 23(b)(1)(A)'s Requirements.............................. 8

   III. Plaintiffs Fail to Satisfy Rule 23(a)'s Requirements. ...................................... 11

      A.  Plaintiffs cannot show numerosity. ................................................. 11

      B.  Plaintiffs do not identify common questions. ................................. 13

      C.  Plaintiffs do not demonstrate that Judge Jackson has typical defenses...... 15

      D.  Plaintiffs do not show adequacy of representation. ...................................... 15

Conclusion.......................................................................................................... 18

Certificate of Service.......................................................................................... 20

# Index of Authorities

**Cases**                                                                                                   **Page(s)**

*Abbent v. Eastman Kodak Co.,*
   No. 90-3436, 1992 WL 1472751 (D.N.J. Aug. 28, 1992) ........................................... 8

*Abrams v. Kelsey-Seybold Med. Grp., Inc.,*
   178 F.R.D. 116 (S.D. Tex. 1997) ...................................................................... 12

*Ackal v. Centennial Beauregard Cellular L.L.C.,*
   700 F.3d 212 (5th Cir. 2012) ..................................................................... 17, 18

*Amchem Prods. Inc. v. Windsor,*
   521 U.S. 591 (1997) ........................................................................................ 8

*Avritt v. Reliastar Life Ins. Co.,*
   615 F.3d 1023 (8th Cir. 2010) ....................................................................... 7

*Bell v. Brockett,*
   922 F.3d 502 (4th Cir. 2019) ..................................................................... 1, 16

*Berger v. Compaq Computer Corp.,*
   257 F.3d 475 (5th Cir. 2001) ......................................................................... 16

*Brown v. Kelly,*
   609 F.3d 467 (2d Cir. 2010) ........................................................................... 8

*Casey v. Planned Parenthood of Se. Pa.,*
   505 U.S. 833 (1992) ........................................................................................ 4

*CIGNA Healthcare of St. Louis, Inc. v. Kaiser,*
   294 F.3d 849 (7th Cir. 2002) ......................................................................... 1

*Comcast Corp. v. Behrend,*
   569 U.S. 27 (2013) ......................................................................................... 6

*Corley v. Entergy Corp.,*
   222 F.R.D. 316 (E.D. Tex. 2004) ............................................................... 9, 10

*Corley v. Orangefield Indep. Sch. Dist.,*
   152 F. App'x 350 (5th Cir. 2005) ................................................................... 9

*Dallas Cty., Tex. v. MERSCORP, Inc.*,
   No. 3:11-CV-02733-O, 2012 WL 6208385 (N.D. Tex. Dec. 13, 2012) ..................... 17

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006) .......................................................................... 7

*Feder v. Elec. Data Sys. Corp.*,
   429 F.3d 125 (5th Cir. 2005) ........................................................................ 16

*Flecha v. Medicredit, Inc.*,
   946 F.3d 762 (5th Cir. 2020) ........................................................................ 7

*Ibe v. Jones*,
   836 F.3d 516 (5th Cir. 2016) ................................................................... 11, 13

*McBirney v. Autrey*,
   106 F.R.D. 240 (N.D. Tex. 1985) ...................................................... 8, 9, 10, 16

*Sembach v. McMahon Coll., Inc.*,
   86 F.R.D. 188 (S.D. Tex. 1980) ..................................................................... 8

*Simms v. Jones*,
   296 F.R.D. 485 (N.D. Tex. 2013) .................................................................. 12

*Stirman v. Exxon Corp.*,
   280 F.3d 554 (5th Cir. 2002) ........................................................................ 15

*Vizena v. Union Pac. R.R. Co.*,
   360 F.3d 496 (5th Cir. 2004) ........................................................................ 1

*Walker v. City of Houston*,
   341 F. Supp. 1124 (S.D. Tex. 1971)............................................................... 8

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ....................................................................... 6, 11, 13, 14

*Yates v. Collier*,
   868 F.3d 354 (5th Cir. 2017) ........................................................................ 6

**Statutes**

Tex. Civ. Prac. & Rem. Code § 30.022(a) ........................................................ 4

Tex. Civ. Prac. & Rem. Code § 30.022(b) ........................................................ 4

Tex. Gov't Code § 25.0592(a) ....................................................................... 17

Tex. Gov't Code § 74.141 ............................................................................ 17

Tex. Health & Safety Code § 171.044 ............................................................ 14

Tex. Health & Safety Code § 171.201(1) .......................................................... 2

Tex. Health & Safety Code § 171.202 .............................................................. 2

Tex. Health & Safety Code § 171.203(b) ........................................................... 2

Tex. Health & Safety Code § 171.203(c) ........................................................... 2

Tex. Health & Safety Code § 171.203(d) ........................................................... 2

Tex. Health & Safety Code § 171.204(a) ........................................................... 3

Tex. Health & Safety Code § 171.205(a) ........................................................... 3

Tex. Health & Safety Code § 171.207(a) ........................................................... 3

Tex. Health & Safety Code § 171.208(a) ........................................................... 3

Tex. Health & Safety Code § 171.208(b) ........................................................... 3

Tex. Health & Safety Code § 171.208(f)(1) ........................................................ 4

Tex. Health & Safety Code § 171.208(f)(2) ........................................................ 4

Tex. Health & Safety Code § 171.208(h) ........................................................... 3

Tex. Health & Safety Code § 171.209(b) ........................................................... 3

Tex. Loc. Gov't Code § 157.901 .................................................................... 17

## Rules

Fed. R. Civ. P. 23 ........................................................................... 7, 17, 18

Fed. R. Civ. P. 23(a) ................................................................................ passim

Fed. R. Civ. P. 23(a)(1) ................................................................................ 11

Fed. R. Civ. P. 23(a)(2) ........................................................................... 13, 14

Fed. R. Civ. P. 23(b) ............................................................................... 6, 11

Fed. R. Civ. P. 23(b)(2) ................................................................................. 8

Fed. R. Civ. P. 23(b)(1)(A) ................................................................... passim

## Other Authorities

2 Newberg on Class Actions (5th ed.) ...................................................... 8, 9

7AA Fed. Prac. & Proc. Civ. § 1773 (3d ed.) ......................................... 8, 9

*Class Certification in the Age of Aggregate Proof*,
   84 N.Y.U. L. Rev. 97 (2009) ................................................................. 13

Common Answers for Class Certification,
   63 Vand. L. Rev. En Banc 149 (2010) ................................................... 13

Senate Bill 8 ............................................................................................ passim

Judge Jackson[1] files this response in opposition to Plaintiffs' Motion for Certification of a Defendant Class of Judges and a Defendant Class of Clerks (ECF 32). Because Plaintiffs have failed to show the required elements of Rule 23, this Court should deny Plaintiffs' motion and decline to certify a class.

## INTRODUCTION

Plaintiffs are attempting one of the rarest types of complex litigation: the defendant class action. "Defendant class actions are so rare they have been compared to 'unicorns.'" *Bell v. Brockett*, 922 F.3d 502, 504 (4th Cir. 2019) (*citing CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 853 (7th Cir. 2002)). The "unicorn" here is not only a rare defendant class, but also an unwieldy proposed class comprised of "all non-federal judges in the State of Texas with jurisdiction over civil actions and the authority to enforce [Senate Bill 8]." ECF 32 at 6. The Fifth Circuit has explained that "when certifying a class a district court must detail with sufficient specificity how the plaintiff has met the requirements of Rule 23." *Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496, 503 (5th Cir. 2004). Because Plaintiffs do not meet Rule 23's stringent requirements, this Court should not certify a class comprised of all Texas judges.

## BACKGROUND

### I.  Senate Bill 8

In enacting S.B. 8, the Texas Legislature expressly found, "according to contemporary medical research," that:

(1)    fetal heartbeat has become a key medical predictor that an unborn child will reach live birth;

(2)    cardiac activity begins at a biologically identifiable moment in time, normally when the fetal heart is formed in the gestational sac;

---

[1]    The Honorable Austin Reeve Jackson, Judge of the 114th District Court of Texas. Plaintiffs have sued Judge Jackson in his official capacity.

> (3)    Texas has compelling interests from the outset of a woman's pregnancy in protecting the health of the woman and the life of the unborn child; and
>
> (4)    to make an informed choice about whether to continue her pregnancy, the pregnant woman has a compelling interest in knowing the likelihood of her unborn child surviving to full-term birth based on the presence of cardiac activity.

S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.202). Based in part on those findings, S.B. 8 imposes several requirements on the performance of abortions.

### A. Section 3

Section 3 of S.B. 8 concerns the performance of abortions after a heartbeat can be detected in the unborn child. Thus, as an initial matter, Section 3 requires a physician to determine, before performing or inducing an abortion, "whether the woman's unborn child has a detectable fetal heartbeat." S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.203(b)); *see also* S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.201(1)) (defining "fetal heartbeat" as "cardiac activity or the steady and repetitive rhythmic contraction of the fetal heart within the gestational sac"). "In making [that] determination . . . the physician must use a test that is: (1) consistent with the physician's good faith and reasonable understanding of standard medical practice; and (2) appropriate for the estimated gestational age of the unborn child and the condition of the pregnant woman and her pregnancy." S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.203(c)). The physician must then document in the woman's medical record "(1) the estimated gestational age of the unborn child; (2) the method used to estimate the gestational age; and (3) the test used for detecting a fetal heartbeat, including the date, time, and results of the test." S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.203(d)).

Section 3 then states that "a physician may not knowingly perform or induce an abortion on a pregnant woman if the physician detected a fetal heartbeat for the unborn child as required by Section 171.203 or failed to perform a test to detect a

fetal heartbeat." S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.204(a)). But this section does not apply if the physician believes a medical emergency exists that prevents compliance. S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.205(a)).

Importantly, these requirements of sections 171.203 and 171.204 may not be enforced by any state or local government official. Further, they are expressly subject to an undue-burden affirmative defense.

Section 3 prohibits "th[e] state, a political subdivision, a district or county attorney, or an executive or administrative office or employee of th[e] state or a political subdivision" from taking or threatening to take any action to enforce Section 3. S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.207(a)); *see also* S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.208(h)). Instead, the "exclusive[]" method for enforcing Section 3 is through "private civil actions." S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.207(a)). These actions may be brought by any person "other than an officer or employee of a state or local governmental entity" against any person who performs or induces an abortion in violation of Section 3; knowingly engages in conduct that aids or abets the performance of such an abortion; or intends to perform, aid, or abet such an abortion. S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.208(a)). The plaintiff in such an action may seek injunctive relief, statutory damages, costs, and attorneys' fees. S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.208(b)).

Further, Section 3 recognizes, in any such private action, an affirmative defense that incorporates the Supreme Court's "undue burden" test: A person is not liable for violating S.B. 8 if the person "has standing to assert the third-party rights of a woman or group of women seeking an abortion" and "demonstrates that the relief sought by the claimant will impose an undue burden on that woman or that group of women seeking an abortion." S.B. 8 § 3 (to be codified at Tex. Health & Safety Code

§ 171.209(b)). In other words, if a person can demonstrate that the Supreme Court's "undue burden" test is met, that person is not liable with respect to that specific woman or group of women. *See Casey v. Planned Parenthood of Se. Pa.*, 505 U.S. 833, 877 (1992) (plurality op.) ("A finding of an undue burden is a shorthand for the conclusion that a state regulation has the purpose or effect of placing a substantial obstacle in the path of a woman seeking an abortion of a nonviable fetus.").

Defendants in a private action may also assert as an affirmative defense that they "reasonably believed, after conducting a reasonable investigation, that the physician performing or inducing the abortion had complied or would comply with this subchapter." S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.208(f)(1)). Similarly, a person is not liable for intending to perform a prohibited abortion or intending to aid and abet a prohibited abortion if the person "reasonably believed, after conducting a reasonable investigation, that the physician performing or inducing the abortion will comply with this subchapter." S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.208(f)(2)).

### B.   Section 4

The other portion of S.B. 8 that Plaintiffs challenge in this lawsuit is Section 4, which creates a fee-shifting provision for actions that seek to prevent the State or any local government or official from enforcing a law that regulates or restricts abortion. S.B. 8 § 4 (to be codified at Tex. Civ. Prac. & Rem. Code § 30.022(a)). It makes plaintiffs and those that represent them in such actions jointly and severally liable to pay the costs and attorneys' fees of the prevailing party, defined as a party who obtains dismissal of any claim or cause of action or obtains a judgment in that party's favor. S.B. 8 § 4 (to be codified at Tex. Civ. Prac. & Rem. Code § 30.022(b)).

## II.   This Lawsuit

Plaintiffs are various abortion clinics and abortion doctors, Pls.' Compl. (ECF 1) ¶¶ 24-35 (collectively "Abortion Providers"), as well as other organizations that

4

advocate for abortions and two individuals who allegedly provide spiritual care and counseling, *id.* ¶¶ 37-46 ("Abortion Advocates"). Plaintiffs allege that Judge Jackson—and "potentially more than 1,000" other Texas judges, *id.* ¶ 118—will "enforce" S.B. 8 by "implementing the remedies mandated by S.B. 8," *id.* ¶ 120. On that basis, Plaintiffs seek to certify a defendant class of "all non-federal judges in the State of Texas with jurisdiction over civil actions and the authority to enforce [Senate Bill 8]." ECF 32 at 6; *see also* ECF 1 ¶ 48 (pleading a proposed class of "all judges in the State of Texas with jurisdiction over the civil actions created by S.B. 8."). Plaintiffs seek relief from this Court that would effectively instruct Judge Jackson (and the putative class of all non-federal judges in Texas) to dismiss lawsuits brought under S.B. 8 without actually adjudicating them.

In addition to Judge Jackson, Plaintiffs have sued a state district clerk—also as a class representative—a private citizen, and a cadre of state executive officers: the Executive Directors of the Texas Medical Board, Texas Board of Nursing, and Texas Board of Pharmacy, as well as the Commissioner of the Texas Health and Human Services Commission and the Attorney General.

Plaintiffs filed a Motion for Summary Judgment (ECF 19) the same day they filed their complaint (ECF 1). Plaintiffs filed their motion for class certification (ECF 32) on July 16. Plaintiffs also filed a Motion for a Temporary Restraining Order and Preliminary Injunction (ECF 53) on August 7. They seek relief by September 1, when S.B. 8 takes effect. The Court's revised scheduling order calls for Defendants to

respond to the motion for class certification by August 25. ECF 60. Judge Jackson therefore provides this response.[2]

## ARGUMENT & AUTHORITIES

Class certification requires the plaintiff to meet Rule 23(a)'s four requirements—numerosity, commonality, typicality, and adequacy—and one of Rule 23(b)'s prerequisites. Before certifying a class, a district court "must conduct a rigorous analysis of the Rule 23 prerequisites." *Yates v. Collier*, 868 F.3d 354, 362 (5th Cir. 2017). This "rigorous analysis" requires the court to "look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Id.* Notably, "Rule 23 does not set forth a mere pleading standard," and the "rigorous analysis" it requires often "will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Thus, Plaintiffs must "be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation" and to satisfy at least one of Rule 23(b)'s provisions "through evidentiary proof." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (cleaned up).

Plaintiffs cannot satisfy Rule 23(b), so they cannot obtain class certification. Fed. R. Civ. P. 23(b); *Wal-Mart Stores, Inc.*, 564 U.S. at 345. Here, Plaintiffs seek certification of a defendant class under Rule 23(b)(1)(A), which is satisfied only if "prosecuting separate actions by or against individual class members would create a

---

[2]    Insofar as a response is required from the State Agency Defendants (Stephen Brint Carlton, Executive Director of the Texas Medical Board; Katherine A. Thomas, Executive Director of the Texas Board of Nursing; Cecile Erwin Young, Executive Commissioner of the Texas Health and Human Services Commission; Allison Vordenbaumen Benz, Executive Director of the Texas Board of Pharmacy; and Ken Paxton, Attorney General of Texas), the State Agency Defendants join the arguments set forth in this response.

risk of: . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class[.]" Fed. R. Civ. P. 23(b)(1)(A). Plaintiffs fail to meet this standard because this Court's judgment could not—even if Plaintiffs prevail entirely—impose a standard of conduct on Plaintiffs. Neither can they satisfy the four requirements of Rule 23(a): numerosity, typicality, commonality, and adequacy. Certification of Plaintiffs' proposed clerk class would be improper for the same reasons.

## I.   The Court Cannot Certify a Class that Includes Defendants Whom Plaintiffs Lack Standing to Sue.

This Court lacks subject matter jurisdiction over Plaintiffs' claims against Judge Jackson, as explained in his prior motion to dismiss briefing. *See* ECF 49, 66. Thus, this Court lacks jurisdiction to hear this case, adjudicate Plaintiffs' claims, or enter any relief against Judge Jackson. This means the Court also lacks jurisdiction to certify a Judicial Defendant Class.

And even if Plaintiffs had standing to sue Judge Jackson in particular, the Court still could not certify a class that includes other Texas judges. Each Plaintiff lacks standing to sue many (if not all) of the absent class members, so the proposed class cannot be certified. Just as "no [plaintiff] class may be certified that contains members lacking Article III standing," *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006), no defendant class may be certified when it contains members the plaintiffs lack standing to sue. *See Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010) ("A class must therefore be defined in such a way that anyone within it would have standing." (quotation marks omitted)); *see also Flecha v. Medicredit, Inc.*, 946 F.3d 762, 770-71 (5th Cir. 2020) (Oldham, J., concurring) (explaining that a court must assess Article III standing to certify a class). Plaintiffs raise no argument that a properly defined class, limited to Texas judges whom Plaintiffs would have standing to sue (if there are any), would be numerous.

## II. Plaintiffs Fail to Satisfy Rule 23(b)(1)(A)'s Requirements.

Plaintiffs invoke Rule 23(b)(1)(A).[3] That type of class is proper where the prosecution of multiple individual suits will "establish incompatible standards of conduct for the party opposing the class"—here, Plaintiffs. 2 Newberg on Class Actions § 4:6 (5th ed.); *see McBirney v. Autrey*, 106 F.R.D. 240, 245 (N.D. Tex. 1985) (addressing a proposed defendant class). Certification would be improper here because separate suits against each proposed class member would not risk subjecting Plaintiffs to inconsistent standards of conduct. That is because the judgment Plaintiffs seek would not require Plaintiffs to do anything at all.

"Incompatible standards of conduct" means "the situation in which different results in separate actions would impair the opposing party's ability to pursue a uniform continuing course of conduct." Wright, Miller, Kane, et al., 7AA Fed. Prac. & Proc. Civ. § 1773 (3d ed.); *see Amchem Prods. Inc. v. Windsor,* 521 U.S. 591, 614 (1997). "[I]t is not enough that there is a possibility that separate litigation will result in inconsistent adjudications." 5 Moore's Federal Practice § 23.41 (2021). Rather, certification under Rule 23(b)(1)(A) is appropriate "only in the event that inconsistent judgments in separate suits would trap the party opposing the class in the 'inescapable legal quagmire of not being able to comply with one such judgment without violating the terms of another.'" *McBirney*, 106 F.R.D. at 245 (quoting *Walker v. City of Houston*, 341 F. Supp. 1124, 1131 (S.D. Tex. 1971)); *see also Sembach v. McMahon Coll., Inc.*, 86 F.R.D. 188, 192 (S.D. Tex. 1980) (same); *Abbent v. Eastman Kodak Co.*, No. 90-3436, 1992 WL 1472751, at *12 (D.N.J. Aug. 28, 1992) (the rule is

---

[3]        Plaintiffs assert in their Complaint that this lawsuit is proper under either Rule 23(b)(1)(A) or Rule 23(b)(2) of the Federal Rules of Civil Procedure. ECF 1 at 35. However, Plaintiffs seek certification of the proposed Judicial Defendant Class solely under Rule 23(b)(1)(A). *See* ECF 32 at 19-20. Certification under 23(b)(2) would not be proper in any event. *See* Fed. R. Civ. P. 23(b)(2); *Brown v. Kelly*, 609 F.3d 467, 477 (2d Cir. 2010) (noting that the circuits are divided on whether subsection (b)(2) authorizes the certification of defendant classes). Because the motion for certification does not seek certification under Rule 23(b)(2), that issue is not briefed here.

properly invoked to prevent "conflicting obligations"). The court looks to whether a separate lawsuit between Plaintiffs and each proposed class member could, in the event of different judgments, "force [Plaintiffs] to comply with one court order yet violate another court order." *Corley v. Entergy Corp.*, 222 F.R.D. 316, 320 (E.D. Tex. 2004*), aff'd sub nom. Corley v. Orangefield Indep. Sch. Dist.*, 152 F. App'x 350 (5th Cir. 2005). If not, class certification must be denied.

Showing conflicting obligations requires "more than a risk that separate judgments would oblige the opposing party to pay damages to some class members but not to others or to pay them different amounts." Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1773. The same is true for non-monetary relief. "[I]f the mere threat of inconsistent jury verdicts enabled certification under 23(b)(1)(A), every case involving multiple plaintiffs could fall into this category. This would cast too broad a net." 2 Newberg § 4. As one court put it in refusing to certify a defendant class, a plaintiff may prevail against "one defendant and not [against] another, but that possibility does not place him in the position of complying with one judgment while violating another." *McBirney*, 106 F.R.D. at 245.

The gravamen of Plaintiffs' claims is that the key provisions of S.B. 8 are unconstitutional because they violate the Abortion Providers' patients' substantive due process right to abortion, Plaintiffs' First Amendment rights, or both. Imagining that Plaintiffs will be entirely successful in this case shows why 23(b)(1)(A) certification is improper. If Plaintiffs get everything they ask for, this Court would declare S.B. 8 unconstitutional and enjoin Judge Jackson "from seeking to enforce or participating in the enforcement of S.B. 8 directly or indirectly," ECF 53 at 8—

presumably by dismissing any private S.B. 8 enforcement lawsuits filed in his court.[4] But that judgment would not require Plaintiffs to induce any abortions. It would not require Plaintiffs to do anything at all. So, in the event of a different result in a different lawsuit, ceasing to perform abortions after a fetal heartbeat is detected would not violate the hypothetical judgment in this case. That means this case is no different than the one in which a plaintiff "recover[s] from one defendant and not from another." *McBirney*, 106 F.R.D. at 245. "[T]hat possibility does not place him in the position of complying with one judgment while violating another." *Id.*

Plaintiffs seem to suggest that different adjudications *in state court* could "establish incompatible standards of conduct," Fed. R. Civ. P. 23(b)(1)(A), but that is both untrue and irrelevant. First, no conceivable state court judgment would require a Plaintiff to perform abortions, so even if a state court judgment imposed liability for performing certain abortions, no Plaintiff would have "to comply with one court order yet violate" another. *Corley*, 222 F.R.D. at 320. Holding someone liable under S.B. 8 for inducing one abortion but not liable under S.B. 8 for inducing another is no different than when "[a] plaintiff . . . recover[s] from one defendant and not from another." *McBirney*, 106 F.R.D. at 245. Neither scenario "place[s the party] in the position of complying with one judgment while violating another." *Id.*

---

[4]      In their complaint and motion for summary judgment, Plaintiffs sought only declaratory relief against the Judicial Defendant Class, explaining: "Plaintiffs' injuries may be remedied by a declaratory judgment that S.B. 8 is unconstitutional and invalid; that the judicial defendants must not accept or entertain any enforcement action brought under Section 3 of S.B. 8; and, should Plaintiffs not prevail on any claim in this case against the judicial defendant class, that the class has no claim against Plaintiffs for costs and attorney's fees under Section 4 of S.B. 8." ECF 19 at 61; *see also* ECF 1 at 46-47. More recently, Plaintiffs have changed their requested relief to include injunctive relief against the proposed Judicial Defendant Class. ECF 53 at 5. Without requesting such relief in their pleadings, Plaintiffs cannot obtain it.

Moreover, potential state-court enforcement actions between a private litigant and Plaintiffs are irrelevant to the Rule 23(b)(1)(A) inquiry. That provision analyzes the consequences of "prosecuting separate actions . . . against individual class members"—that is, separate federal lawsuits between Plaintiffs and individual members of the proposed class (Texas judges). And as explained above, judgments in such cases would not impose an inconsistent standard of conduct on Plaintiffs. After all, no one, least of all Plaintiffs, thinks this lawsuit could result in any Plaintiff being held liable for violating S.B. 8 or in a judgment requiring any Plaintiff to violate S.B. 8. Plaintiffs cannot satisfy the requirements of Rule 23(b)(1)(A). This Court should not certify the proposed Judicial Defendant Class.

## III. Plaintiffs Fail to Satisfy Rule 23(a)'s Requirements.

Even if Rule 23(b) were satisfied, the Court should still deny Plaintiffs' motion because they cannot meet the fourfold requirements of Rule 23(a): (1) numerosity—"the class is so numerous that joinder of all members is impracticable"; (2) commonality—"there are questions of law or fact common to the class"; (3) typicality—"the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and (4) adequacy of representation—"the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see also Wal-Mart Stores, Inc.*, 564 U.S. at 345; *Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016).

### A.   Plaintiffs cannot show numerosity.

Under Rule 23(a)(1), a class may be certified only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "A plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." *Ibe*, 836 F.3d at 528.

Plaintiffs assert that their proposed Judicial Defendant Class will likely exceed 1,000 members based upon a bare estimate of judges in Texas. ECF 32 at 6. That

11

estimate is both misleading and useless because it is based on an overly broad conception of the class. Nor is it based on actual evidence. Plaintiffs make no attempt to demonstrate either the contours of a reasonably defined class or the impracticality of joining the members of such a class. *See* Fed. R. Civ. P. 23(a)(1).

The class definition necessarily includes all state judges because it includes every judge who "is charged with enforcing compliance with [S.B. 8]" and "at a minimum, imposing [S.B. 8's] mandatory civil remedies." ECF 32 at 8. But Plaintiffs present no need for the Court to issue any relief against such an overly broad class. Plaintiffs do not and cannot show that each one of them is likely to be sued before every member of the proposed Judicial Defendant Class. Because each Plaintiff lacks standing to sue many (if not all) of the absent class members, the proposed class cannot be certified. *See supra* section I.

Even if a class were necessary, no class-wide evidence has been presented to support numerosity. Plaintiffs observe that Texas judges are dispersed throughout Texas, but that dispersion does not demonstrate impracticality. A plaintiff cannot simply stand on a vague generalization in support of numerosity. *See Abrams v. Kelsey-Seybold Med. Grp., Inc.*, 178 F.R.D. 116, 128 (S.D. Tex. 1997) ("Speculation that a class is numerous is insufficient to prove numerosity."). "Numerosity must be based on specific estimates of the size of the class and the impracticability of joinder." *Id.*

Plaintiffs here rely on nothing more than a vague generalization to show numerosity. First, Plaintiffs completely fail to provide any class-wide evidence to support a reasonable estimate of the number of potential class members who are likely to (1) have an S.B. 8 case filed in their court *and* (2) enter an adverse ruling against any of the named Plaintiffs. Second, Plaintiffs also fail to provide any evidence regarding the geographical locations of potential members or any other evidence showing why joining the potential class members would be impracticable.

Accordingly, Plaintiffs' showing does not meet the numerosity prerequisite under Rule 23(a). *See, e.g., Simms v. Jones*, 296 F.R.D. 485, 500 (N.D. Tex. 2013) (finding no numerosity because "[o]ther than pointing to the numbers alone, Plaintiffs have not presented any evidence relevant to the fundamental inquiry: is joinder impractical?"), *aff'd sub nom. Ibe v. Jones*, 836 F.3d 516 (5th Cir. 2016).

### B.  Plaintiffs do not identify common questions.

The second requirement of Rule 23(a) is that a plaintiff show "there are questions of law or fact common to the class." *Wal-Mart Stores*, 564 U.S. at 345 (citing Fed. R. Civ. P. 23(a)(2)). The Supreme Court has observed that this requirement is "easy to misread," because "'[a]ny competently crafted class complaint literally raises common "questions."'" *Id.* at 349 (quoting Nagareda, Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 131–32 (2009)). As the Court has explained, merely reciting "common questions" is insufficient: "'What matters to class certification . . . is not the raising of common "questions"—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.'" *Id.* at 350 (quoting Nagareda, supra, 132); *see also* Nagareda, Common Answers for Class Certification, 63 Vand. L. Rev. En Banc 149, 150 (2010) (noting that the "crucial question" is "whether the members of the proposed class are the victims of the same wrong, amenable to unitary adjudication, or whether they are victims of differing, individualized wrongs, such as to defeat calls for class treatment.").

In *Wal-Mart Stores*, three female Wal-Mart employees filed a class action on behalf of current and former female employees, alleging that Wal-Mart discriminated against all class members by denying them equal pay or promotions based on their gender, in violation of Title VII. 564 U.S. at 342–43. In reversing the lower court's decision to certify the class, the United States Supreme Court clarified the standard for analyzing Rule 23(a)'s commonality requirement. The Court reasoned that,

because the *Wal-Mart* plaintiffs challenged "literally millions of employment decisions at once . . . [w]ithout some glue holding the alleged *reasons* for all those decisions together," examination of all the class members' claims could not possibly "produce a common answer to the crucial question *why was I disfavored.*" *Id.* at 352.

Here, Plaintiffs make no showing of common questions. Although Plaintiffs make conclusory assertions that their claims present identical questions that would apply equally to all Texas judges who adjudicate lawsuits under S.B. 8, ECF 32 at 13, those conclusory assertions do not satisfy Rule 23(a)(2). It is self-evident that all cases brought under S.B. 8 will *not* present the same factual or legal issues, such that they would be capable of pre-adjudication in a single fell swoop in this Court (or any other court, for that matter). For example, some cases brought under S.B. 8 may allege a violation based on a post-viability abortion (whether actually performed or attempted), which is patently not protected by any constitutional jurisprudence.[5] Also, for cases involving pre-viability abortions, each case will require careful adjudication to determine whether the abortion at issue falls within the protection of the undue burden defense written into the statute. Plaintiffs completely fail to show how all those potential cases present a common question (of either law or fact) capable of a one-size-fits-all resolution. To the contrary, just like the putative class plaintiffs in *Wal-Mart Stores*, each judge who considers a suit brought under S.B. 8 will have to weigh specific facts and apply them to particular legal standards to make case-specific adjudications. Plaintiffs have failed to demonstrate common questions that could justify certifying the proposed Judicial Defendant Class.

---

[5]     Plaintiffs have argued elsewhere that S.B. 8 is still facially unconstitutional because abortions after 20 weeks gestation are already unlawful. ECF 77 at 42. It is true that such abortions are independently unlawful, *see* Tex. Health & Safety Code § 171.044, but it is only S.B. 8 that creates an enforcement action allowing a private citizen to bring suit against a physician who commits a late-term abortion. Plaintiffs do not argue S.B. 8's private cause of action is unavailable with respect to such abortions.

**C. Plaintiffs do not demonstrate that Judge Jackson has typical defenses.**

To determine whether Rule 23(a)'s typicality requirement is satisfied, "the critical inquiry is whether the class representative's claims [or defenses] have the same essential characteristics of those of the putative class." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002). Here, Plaintiffs have sued a single state district judge (Judge Jackson). As noted in State Defendants' Response in Opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, ECF at i n.2, Judge Jackson does not deem it proper to raise merits-based defenses to the specific constitutional challenges Plaintiffs have brought against S.B. 8. Plaintiffs have provided no evidence showing whether other Texas judges would or would not raise various defenses to Plaintiffs' constitutional challenges to S.B. 8. Further, Plaintiffs have certainly not shown that all judges in Texas would raise the same defenses. In short, if Judge Jackson has determined not to raise merits-based defenses to Plaintiffs' constitutional challenges, it is impossible for Plaintiffs to show whether his "defenses" are identical to the potential defenses of all the other putative class members.

Similarly, Plaintiffs do not dispute that some Texas judges might rule differently from other Texas judges in S.B. 8 cases. How and when a judge would rule in such a case could be a powerful defense to Plaintiffs' claim that even adjudicating an S.B. 8 case would violate Plaintiffs' constitutional rights. Thus, it is important that some judges in some S.B. 8 cases might be likely to impose liability while other judges in other S.B. 8 cases would likely not impose liability. Plaintiffs have failed to make the requisite showing of typicality under Rule 23(a).

**D. Plaintiffs do not show adequacy of representation.**

Adequacy encompasses three separate but related inquiries: (1) "the zeal and competence of the representative's counsel"; (2) "the willingness and ability of the

representative to take an active role in and control the litigation and to protect the interests of absentees"; and (3) the risk of "conflicts of interest between the [representative] and the class they seek to represent." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) (cleaned up). When it comes to a defendant class, the adequacy inquiry is informed by the demands of due process. *See Bell v. Brockett*, 922 F.3d 502, 511 (4th Cir. 2019). As one court explained:

> Due process concerns not inherent in a plaintiff class action arise when a defendant class is to be certified. These concerns arise because (1) the plaintiff initially selects the representative(s) of the defendant class, and (2) the representative thus selected is more often than not unwilling to undertake the representation.

*McBirney v. Autrey*, 106 F.R.D. 240, 244 (N.D. Tex. 1985) (citations omitted). Any presumption of adequacy would "invert[] the well-established rule that the party seeking certification bears the burden of establishing all elements of rule 23(a)." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 481 (5th Cir. 2001). "Even more unsettling" is that such a presumption would "ignore[] the constitutional dimensions of the adequacy requirement, which implicates the due process rights of all members who will be bound by the judgment." *Id.*

Plaintiffs fail to demonstrate through argument or class-wide evidence that Judge Jackson is both willing and able "to take an active role in and control the litigation" and "to protect the interests of" all the other state judges in Texas. *Feder*, 429 F.3d at 130. Indeed, Judge Jackson has already stated his intention *not* to litigate the merits of Plaintiffs' constitutional challenges to S.B. 8. ECF 75 at i n.2. Further, Plaintiffs fail to address the potential for conflicts of interest between Judge Jackson and all the other Texas judges, who may not have identical perspectives on S.B. 8's various requirements, and who may or may not desire to defend this case differently from how Judge Jackson has chosen to defend Plaintiffs' claims against him (i.e., on jurisdictional grounds but not merits-based grounds). Plaintiffs have made no

16

showing that their selected judicial officer is an adequate class representative for the proposed Judicial Defendant Class.

Even apart from Plaintiffs' failure to carry their burden to show adequacy, this Court should decline to certify a Judicial Defendant Class for at least two reasons. First, the Texas Legislature has placed statutory limits on the Office of the Attorney General when representing state judges. The Office of the Attorney General is tasked with "defend[ing] a state district judge, a presiding judge of an administrative region, the presiding judge of the statutory probate courts, or an active retired, or former judge" in "any action or suit in any court in which the judge is a defendant . . . *if the judge requests the attorney general's assistance*" to defend the case. Tex. Gov't Code § 74.141. And that representation does not extend to the judges of Texas's many statutory County Courts at Law. *Id.*; *see* Tex. Loc. Gov't Code § 157.901 (county officials may request representation by the county attorney or district attorney). But many of these judges are putative class members. *See, e.g.*, Tex. Gov't Code § 25.0592(a) ("a county court at law in Dallas County has concurrent jurisdiction with the district court in civil cases regardless of the amount in controversy").

Certifying a defendant class of all non-federal Texas judges would work an end-run around the statutory limits placed by the Texas Legislature on the scope of the Office of the Attorney General's representation for judges. When state law prevents the lawyer for the named party from representing absent members of the putative class, a federal court cannot certify the class under Rule 23. *See Ackal v. Centennial Beauregard Cellular L.L.C.*, 700 F.3d 212, 218–19 (5th Cir. 2012); *Dallas Cty., Tex. v. MERSCORP, Inc.*, No. 3:11-CV-02733-O, 2012 WL 6208385, at *10 (N.D. Tex. Dec. 13, 2012). Here, the Texas Attorney General represents Judge Jackson per his request, but this office has not received representation requests from all non-federal judges in the State of Texas. Indeed, County Court at Law judges are not entitled to representation by the Office of the Attorney General at all.

17

This Court cannot certify a class composed of all non-federal Texas judges who request representation from the Office of the Attorney General. Some class members cannot be represented at all. And even for the district judges in Plaintiffs' proposed class, the "default position of each class member is that it is not in the class until it successfully completes a series of actions required by law for it to participate in the suit"—that is, each defendant judge would have to request representation. *Ackal*, 700 F.3d at 219. Such a certification would require the class members to opt in, and Rule 23 does not allow for opt-in classes. *See id.* at 217.

Second, Judge Jackson—regardless of zeal—cannot efficiently and accurately represent the class. No class-wide evidence has been presented demonstrating a core unanimity amongst the hundreds of Texas judges on how to handle cases arising under S.B. 8, let alone agreement on how best to adjudge the law itself. Accordingly, selecting a single judge to represent the interests of all Texas judges—ranging from County Court at Law judges to the Texas Supreme Court—does not provide adequate representation of the Texas judiciary.

## CONCLUSION

The Court should deny Plaintiffs' Motion for Certification of a Defendant Class of Judges and a Defendant Class of Clerks.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief - General Litigation Division


       */s/ Benjamin S. Walton*
**BENJAMIN S. WALTON**
Texas Bar No. 24075241
CHRISTOPHER D. HILTON
Texas Bar No. 24087727
HALIE DANIELS
Texas Bar No. 24100169
Assistant Attorneys General
General Litigation Division

BETH KLUSMANN
Assistant Solicitor General
Texas Bar No. 24036918
NATALIE D. THOMPSON
Assistant Solicitor General
Texas Bar No. 24088529

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 – Phone
(512) 320-0667 – Fax

***Counsel for State Defendants***

19

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2021, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

Christen Mason Hebert
Johns & Hebert PLLC
2028 East Ben White Blvd
Suite 240-1000
Austin, TX 78741
(512) 399-3150
chebert@johnshebert.com

*Attorney for all Plaintiffs*

Julie Murray
Richard Muniz
Planned Parenthood Federation of America
1110 Vermont Ave., NW Ste 300
Washington, DC 20005
(202) 973-4997
Julie.murray@ppfa.org
Richard.muniz@ppfa.org

*Attorneys for Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Planned Parenthood Center for Choice, and Dr. Bhavik Kumar*

Stephanie Toti
LAWYERING PROJECT
41 Schermerhorn Street #1056
Brooklyn, NY 11201
(646) 490-1083
stoti@lawyeringproject.org

*Attorneys for The Afiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund*

Rupali Sharma
LAWYERING PROJECT
197 Pine Street, Apt. 23
Portland, ME 04102
(908) 930-6445
rsharma@lawyeringproject.org

*Attorneys for The Afiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund*

Molly Duane
Kirby Tyrrell
Melanie Fontes
Nicolas Kabat
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3631
mduane@reprorights.org
ktyrrell@reprorights.org
mfontes@reprorights.org
nkabat@reprorights.org

Marc Hearron
Center for Reproductive Rights
1634 Eye St., NW, Suite 600
Washington, DC 20006
(202) 524-5539
mhearron@reprorights.org

Jamie A. Levitt
J. Alexander Lawrence
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 468-8000
jlevitt@mofo.com
alawrence@mofo.com

*Attorneys for Whole Woman's Health, Whole Woman's Health Alliance, Marva Sadler, Southwestern Women's Surgery Center, Allison Gilbert, MD., Brookside Women's Medical , Center PA d/b/a Brookside, Women's Health Center and Austin Women's Health Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Houston Women's Reproductive Services, Reverend Daniel Kanter, and Reverend Erika Forbes.*

Julia Kaye
Brigitte Amiri
Chelsea Tejada
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY I 0004
(212) 549-2633
jkaye@aclu.org
bamiri@aclu.org
ctejada@aclu.org

Lorie Chaiten
American Civil Liberties Union Foundation
1640 North Sedgwick Street
Chicago, IL 60614
(212) 549-2633
rfp_lc@aclu.org

Adriana Pinon
David Donatti
Andre Segura
ACLU Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, TX 77007
Tel. (713) 942-8146
Fax: (713) 942-8966
apinon @aclutx.org
ddonatti@aclutx.org asegura@aclutx.org

*Attorneys for  Houston Women's Clinic*

Hacker Stephens LLP
Heather G. Hacker
Andrew B. Stephens
108 Wild Basin Rd. South
Suite 250
Austin, TX 78746
(512) 399-3022
heather@hackerstephens.com
andrew@hackerstephens.com

*Attorneys for Penny Clarkston*

M. Shane McGuire
THE MCGUIRE FIRM, PC
102 N College, Suite 301
Tyler, Texas 75702
(903) 630-7154 – Phone
(903) 630-7173 – Fax

*Additional attorney for Judge Austin
Reeve Jackson*

Mitchell Law PLLC
Jonathan F. Mitchell
111 Congress, Suite 400
Austin, TX 78701
(512) 686-3940
jonathan@mitchell.law

*Attorney for Mark Lee Dickson*

\_\_\_\_*/s/ Benjamin S. Walton*_____
**BENJAMIN S. WALTON**
Assistant Attorney General