**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| v. | § | Cause No. 1:21-cv-00616-RP |
| | § | |
| AUSTIN REEVE JACKSON, et al., | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' OPPOSED MOTION TO STAY PROCEEDINGS AND VACATE PRELIMINARY-INJUNCTION HEARING

Defendants respectfully request that the Court vacate the August 30, 2021 preliminary injunction hearing and stay all proceedings pending appeal because it lacks jurisdiction. In support of this motion, Defendants show as follows:

1.      On August 25, 2021, this Court issued an Order denying Defendants' motion to dismiss for lack of jurisdiction. (Dkt. 82).

2.      The Order denied Defendants' claims of sovereign immunity. *See* Dkt. 82 at 13–20, 33–35. The Ruling and Order is thus appealable under the collateral-order doctrine. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 411–12 (5th Cir. 2004) ("Under the collateral order doctrine, this court has jurisdiction over an interlocutory appeal from a denial of a motion to dismiss asserting Eleventh Amendment immunity.").

3. Defendants timely filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit from the Court's August 25 Order. Fed. R. App. P. 4(a)(1)(A); Dkt. 83.

4. The notice of appeal has automatically divested this Court of jurisdiction. "[A] notice of appeal [of an order denying immunity] . . . gives the appellate court sole jurisdiction and divests the trial court of jurisdiction to proceed with the case." *BancPass, Inc. v. Highway Toll Admin., LLC*, 863 F.3d 391, 398 (5th Cir. 2017) (*quoting United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980)).

5. The only exception to this rule is that district courts may decide to maintain jurisdiction only if they certify that the appeal is frivolous. *Dunbar*, 611 F.2d at 988; *Williams v. Brooks*, 996 F.2d 728, 729–30 (5th Cir. 1993). That high standard is only met when a "disposition is so plainly correct that nothing can be said on the other side." *BancPass*, 863 F.3d at 399. This Court did not find Defendants' sovereign-immunity defenses frivolous. *See* Dkt. 82 at 15–20, 33–35. Thus, "[i]n light of this standard," the Court must decline to exercise jurisdiction pending the outcome of the appeal. *Lewis v. Hughes*, No. 5:20-CV-00577-OLG, 2020 WL 6736426, at *1 (W.D. Tex. Aug. 20, 2020).

6. Defendants' sovereign-immunity defense would require dismissal of the entirety of this case against them. And on appeal, the Fifth Circuit will have discretion to hear other arguments raised in Defendants' motion to dismiss. *See Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002). This Court

therefore lacks jurisdiction to hold a preliminary-injunction hearing or to issue an injunction or any other form of relief. All proceedings must be stayed.

## CONCLUSION

Because this Court has automatically been divested of jurisdiction by operation of Defendants' notice of appeal, the preliminary-injunction hearing should be vacated and all proceedings stayed pending appeal.

Respectfully submitted.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER
Texas Bar No. 24103325
heather@hackerstephens.com
ANDREW B. STEPHENS
Texas Bar No. 24079396
andrew@hackerstephens.com
HACKER STEPHENS LLP
108 Wild Basin Rd. South, Suite 250
Austin, Texas 78746
Tel: (512) 399-3022

*Attorneys for Defendant Penny Clarkston*

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Texas Bar No. 24075463
MITCHELL LAW PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Attorney for Defendant Mark Lee Dickson*

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief - General Litigation Division

*/s/ Benjamin S. Walton*
BENJAMIN S. WALTON
Texas Bar No. 24075241
Benjamin.Walton@oag.texas.gov
CHRISTOPHER D. HILTON
Texas Bar No. 24087727
Christopher.Hilton@oag.texas.gov
HALIE DANIELS
Texas Bar No. 24100169
Halie.Daniels@oag.texas.gov
Assistant Attorneys General
General Litigation Division

BETH KLUSMANN
Assistant Solicitor General
Texas Bar No. 24036918
Beth.Klusmann@oag.texas.gov
NATALIE THOMPSON
Assistant Solicitor General
Texas Bar No. 24088529
Natalie.Thompson@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 – Phone
(512) 320-0667 – Fax

*Counsel for State Defendants*

4

## <u>CERTIFICATE OF CONFERENCE</u>

On August 25, 2021, I conferred via email with Marc Hearron, counsel for Plaintiffs.  Mr. Hearron informed me on August 26, 2021 that Plaintiffs oppose this motion.

<u>/s/ Heather Gebelin Hacker</u>
HEATHER GEBELIN HACKER
*Counsel for Defendant Penny Clarkston*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 26, 2021, this document was served through the Court's CM/ECF Document Filing System upon all counsel of record.

<u>/s/ Heather Gebelin Hacker</u>
HEATHER GEBELIN HACKER
*Counsel for Defendant Penny Clarkston*