IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>AUSTIN REEVE JACKSON, in his official capacity as Judge of the 114th District Court, and on behalf of a class of all Texas judges similarly situated, *et al.*,<br><br>    *Defendants*. | Civil Action No.: 1:21-cv-00616-RP |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS AND VACATE PRELIMINARY-INJUNCTION HEARING**

Plaintiffs respectfully request that the Court deny Defendants' motion; make a written certification finding that Defendants' interlocutory appeal of the Court's August 25 Order is both frivolous and dilatory; and proceed to resolve Plaintiffs' fully briefed Motion for a Temporary Restraining Order and Preliminary Injunction. Given Defendants' Notice to the Court stating that they intend to seek emergency relief from the Fifth Circuit if this Court does not cancel the preliminary-injunction hearing and vacate all deadlines by the close of business today, Plaintiffs respectfully request that this Court certify the interlocutory appeal as frivolous and dilatory before the close of business today.

Generally, only final decisions are appealable, and "the denial of a motion to dismiss is not a final decision." *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 824 (5th Cir. 1986). Even interlocutory orders that are subject to an appeal (such as preliminary injunction orders under 28 U.S.C. 1292(a)(a)) do not warrant a stay of district-court proceedings. And although the collateral-

1

order doctrine permits the appeal of orders denying a sovereign-immunity defense, even in that circumstance, the filing of a notice of appeal does not necessarily divest a district court of jurisdiction to continue proceedings, including preliminary-injunction proceedings.  District courts can "retain jurisdiction despite the filing of an interlocutory appeal" from a denial of sovereign immunity "so long as they certify that the appeal is frivolous or dilatory."  *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 399 (5th Cir. 2017).  The certification must be in writing and include an "express finding of frivolousness."  *Id.* at 400; *see also Goshtasby v. Bd. of Trs. of Univ. of Ill.*, 123 F.3d 427, 428–29 (7th Cir. 1997) (stay is required only where the defendant takes an interlocutory appeal to assert a "colorable" and "not frivolous" claim of immunity); *Hyde v. Stanley Tools*, No. CIV.A. 98-2757, 2000 WL 365585, at *2 (E.D. La. Apr. 10, 2000) (district court not divested of jurisdiction to proceed to trial as scheduled where district court certified the interlocutory appeal as frivolous).

Plaintiffs respectfully ask this Court to make that certification, as needed, here and proceed to decide the pending preliminary-injunction motion.  As a private citizen, Defendant Dickson has no claim to sovereign immunity, and he has never even asserted such immunity in this case. The Fifth Circuit thus plainly lacks jurisdiction over his interlocutory appeal from a motion to dismiss, and even if it did not, there is no basis for staying district court proceedings against him. Although Plaintiffs believe this Court may proceed against Dickson without the certification described above, his appeal here in any event would clearly constitute frivolous and dilatory action.

The other Defendants' appeal is also frivolous and dilatory, and this Court should make a finding to that effect.  The only aspect of the Court's August 25 Order that can be appealed now is the denial of the Defendants' claims of sovereign immunity.  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993).  Clarkston, Judge Jackson, and the State

Agency Defendants have no colorable claim to sovereign immunity; their assertion otherwise is "frivolous [because] the result is obvious [and] the arguments of error are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811–12 (5th Cir. 1988) (noting an appeal can be "patently frivolous, even if the original [argument], *arguendo,* was not entirely devoid of colorable merit").

At bottom, Defendants' appeals are yet another transparent attempt to block this Court from acting to prevent severe and irreparable harm on September 1 if Senate Bill 8 takes effect. Their claim to have divested this Court of jurisdiction to preserve sovereign immunity—including for a private citizen who never claimed such immunity and a county clerk who has provided no independent argument to justify such immunity—should be rejected quickly so that this Court can consider the pending motion for a preliminary injunction and Plaintiffs may adequately vindicate their rights and those of pregnant Texans.

> **A.** **The State Agency Defendants Have No Colorable Claim to Sovereign Immunity**

"[T]he Eleventh Amendment does not bar suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *City of Austin v. Paxton*, 943 F.3d 993, 1004 (5th Cir. 2019) (quotation marks and citation omitted). *Ex parte Young* "allows plaintiff[s] to sue a state official, in his official capacity, in seeking to enjoin enforcement of a state law that conflicts with federal law." *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 515 (5th Cir. 2017). The *Ex parte Young* exception involves a "straightforward inquiry." *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020) (en banc). This inquiry asks (1) whether "the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective" and (2) whether "the official in question has a sufficient connection to the enforcement of the challenged act." *City of Austin*, 943 F.3d at 998 (quotation marks and brackets omitted) (quoting *Verizon Md., Inc. v.*

*Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)); *see also Planned Parenthood Gulf Coast, Inc. v. Phillips*, No. 18-30699, --- F.4th ---, 2021 WL 2980702, at *7 (5th Cir. July 15, 2021).

The State Agency Defendants are plainly state officials sued in their official capacity. And the sole relief being sought against them is prospective relief for ongoing violations of federal law. *See* Compl. 46–47 (Request for Relief). Plaintiffs' claims against the State Agency Officials thus satisfy *Ex parte Young* "[o]n [their] face." *Green Valley*, 969 F.3d at 472.

These defendants also are clearly connected to enforcement of S.B. 8 by virtue of their offices and their obligations under state law. The requirement of a connection to the challenged statute's enforcement is not stringent; the Fifth Circuit has explained that "[a] scintilla of enforcement by the relevant state official with respect to the challenged law will do." *Tex. Dem. Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) (citation and internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1124 (2021). "'Enforcement' typically involves compulsion or constraint." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). The Fifth Circuit has also made it crystal clear that for the *Ex parte Young* exception to apply, "*direct* enforcement of the challenged law [is] not required: actions that constrain[] the plaintiffs [are] sufficient to apply the *Young* exception." *City of Austin*, 943 F.3d at 1001.

The State Agency Defendants plainly have the authority to constrain Plaintiffs through other state laws. As this Court explained, while the State Agency Defendants "are precluded from enforcing S.B. 8 Section 3 through the private enforcement mechanism created under the law, nowhere does S.B. 8 indicate that it refers to the provisions of the Medical Practice Act, Nursing Practice Act, and Pharmacy Act or the State's ability to enforce such provisions under Chapter 171." Order at 16, ECF No. 82.

This Court had no trouble rejecting out of hand the State Agency Defendants' argument

4

that they lacked a demonstrated willingness to enforce other state laws triggered by S.B. 8 violations. *Id.* at 16–17. As the Court explained, while some of the disciplinary and civil actions are discretionary, "others are *mandatory*." *Id.* at 16 (emphasis added). For instance, Texas physicians (and/or their insurers) must report to the Texas Medical Board the filing of any health-care-related lawsuit against them. Tex. Occ. Code §§ 160.052–.053; 22 Tex. Admin Code § 176.2(a)(3). The Texas Medical Board must then investigate and "*shall* . . . review the medical competency" of licensees who have been named in three or more such lawsuits within a five-year period. 22 Tex. Admin. Code § 176.8(b) (emphasis added). That alone clearly places the Texas Medical Board within the *Ex parte Young* exception, and Defendants have never had any response to this.

Moreover, with respect to S.B. 8's fee-shifting provision, Section 4, S.B. 8 expressly authorizes each of the State Agency Defendants to seek fees if any claim against them that challenges an abortion restriction is dismissed, regardless of reason. *See* S.B. 8 § 4 (to be codified at Tex. Civ. Prac. & Rem. Code § 30.022(a), (b)(1)). Under *Ex parte Young* and its progeny, that connection to enforcement of S.B. 8 is plainly more than enough to satisfy the requirement of some scintilla of enforcement. There is no non-frivolous argument to the contrary.

## B.   Clarkston Has No Colorable Claim to Sovereign Immunity

Clarkston has no non-frivolous argument that she is entitled to sovereign immunity, an argument that she has never even articulated on her own behalf. *See* Order at 33 n.19 ("Clarkston argues that she is also entitled to sovereign immunity by adopting the arguments of her co-Defendants without further elaboration.").

Clarkston has contended that in her role as a county official, she performs a state function by enforcing state law or policy. *See* Clarkston MTD 17, ECF No. 51. If correct, she falls within the *Ex parte Young* exception because Plaintiffs allege that S.B. 8 is unconstitutional, and thus the

5

performance of clerks' duties with respect to S.B. 8 enforcement actions would be an ongoing violation of federal law. *See Green Valley*, 969 F.3d at 472–73 & n.22. And the sole relief being sought here is prospective equitable relief. Compl. 46–47 (Request for Relief). Because Plaintiffs "request[] relief prospectively requiring" the Defendant class of clerks "to refrain from taking future actions to enforce an unlawful" law, their request satisfies *Ex parte Young* "[o]n its face." *Green Valley*, 969 F.3d at 472.

Alternatively, if as a county official Clarkston is not serving in a state role, she has no entitlement to sovereign immunity. *See Cutrer v. Tarrant Cnty. Loc. Workforce Dev. Bd.*, 943 F.3d 265, 270 (5th Cir. 2019). Either way, she clearly lacks immunity.

Clarkston is also plainly connected to S.B. 8's enforcement by virtue of her office. Clarkston conceded that petitions seeking enforcement of S.B. 8 will be "filed with the clerk" who will open the action and keep the docket. Clarkston MTD 2, ECF No. 51 (citing Tex. R. Civ. P. 22, 24–26). The clerk then "'shall forthwith issue a citation'" which is "similar to a summons in federal court." *Id.* at 2–3 (quoting Tex. R. Civ. P. 99(a)). Citations "direct the defendant to file a written answer to the plaintiff's petition" for enforcement and notify them that failure to respond may result in a default judgment. Tex. R. Civ. P. 99(b). Clerks' authority to issue citations ordering responses to S.B. 8 enforcement petitions under threat of default judgment—responses that Plaintiffs allege present a constitutional violation in and of themselves, *see* Order at 30—is indisputably compulsive authority connected to S.B. 8's enforcement.

Fifth Circuit decisions are very clear that it makes no difference that the clerks' duty with respect to S.B. 8 arises from other state laws rather than from S.B. 8 directly. Whether the duty "'arises out of the general law, or is specially created by the act itself, is not material so long as it exists.'" *K.P.*, 627 F.3d at 124 (quoting *Ex parte Young*, 209 U.S. at 157); *see also Okpalobi v.*

*Foster*, 244 F.3d 405, 419 (5th Cir. 2001) (en banc) (lead plurality opinion) (enforcement power "can be found implicitly elsewhere in the laws of the state, apart from the challenged statute"). Thus, "[c]ourts often have allowed suits to enjoin the performance of ministerial duties in connection with allegedly unconstitutional laws." Order at 34 (quoting *Finberg v. Sullivan*, 634 F.2d 50, 54 (3d Cir. 1980) (en banc)).

As this Court found, Defendant Clarkston and the putative class of clerks will play an essential role in compelling compliance with S.B. 8. Her appeal of this Court's ruling on sovereign immunity, *see id.* at 33 n.19—an argument for which she failed to proffer any basis of her own—is frivolous.

### C.     Judge Jackson Has No Colorable Claim to Sovereign Immunity

Judge Jackson likewise has no colorable claim to sovereign immunity. Judge Jackson is a state official sued in his official capacity. Plaintiffs' request for prospective relief requiring the Defendant class of judges "to refrain from taking future actions to enforce an unlawful" law likewise satisfies *Ex parte Young* "[o]n its face." *Green Valley*, 969 F.3d at 472; *see also Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996) (claims against Texas judges seeking prospective relief against violations of federal law are not barred by sovereign immunity).

The "connection" prong of the *Ex parte Young* standard is also easily met, and there is no colorable argument to the contrary. *See Air Evac EMS*, 851 F.3d at 517; *K.P.*, 627 F.3d at 124. Judge Jackson and the other members of the Defendant class of judges are the public officials the Texas Legislature made responsible for, among other things, directly issuing the coercive sanctions under S.B. 8. If S.B. 8 is violated, judges in enforcement proceedings "shall award" "injunctive relief sufficient to prevent" future violations, as well as monetary penalties of "not less than $10,000 for each abortion" performed in violation of S.B. 8 and "costs and attorney's fees." S.B. 8 § 3 (to be codified at Tex. Health & Safety Code § 171.208(b)). Those are indisputably acts of

7

coercive enforcement that place Judge Jackson easily within the *Ex parte Young* exception to sovereign immunity.

In their motions to dismiss, Defendants pointed to a passage in *Ex parte Young* suggesting that federal courts do not have "the power to restrain a [state] court from acting in any case brought before it." Jackson MTD 7, ECF No. 49 (emphasis omitted) (quoting *Ex parte Young*, 209 U.S. 123, 163 (1908)). But as this Court explained, Defendants were ignoring "more recent precedent" making it abundantly clear that judges can be sued under Section 1983 and *Ex parte Young*. Order at 34, ECF No. 82 (discussing, e.g., *Sup. Ct. of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736–37 (1980)); *see also Mitchum v. Foster*, 407 U.S. 225, 234 (1972) ("[T]he Court through the years found that federal courts were empowered to enjoin state court proceedings . . . ."); *Warnock*, 88 F.3d at 343 (claims against Texas judges not barred by sovereign immunity). Moreover, Plaintiffs explained (ECF No. 62 at 35)—and Defendants never contested—that the passage of *Ex parte Young* on which Defendants relied is in a portion of the Court's discussion that does not involve sovereign immunity. *See Ex parte Young*, 209 U.S. at 163; *see also Green Valley*, 969 F.3d at 496 (Oldham, J., concurring) (discussing two separate parts and holdings of *Ex parte Young*).

As this Court concluded, judges' "enforcement role in S.B. 8's private enforcement mechanism brings them within the carveouts courts have created to allow Section 1983 challenges to laws to proceed against state court officials under the *Ex Parte Young* exception to sovereign immunity." Order at 35, ECF No. 82. Judge Jackson has no non-frivolous argument to the contrary.[1]

---

[1] The Fifth Circuit will not review Judge Jackson's reliance on *Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003), in his interlocutory appeal because that is an argument about standing, and it

### D. The Fifth Circuit Lacks Jurisdiction Over Dickson's Appeal, and Even If It Did Not, This Court Plainly Has Jurisdiction to Proceed

The Fifth Circuit has no appellate jurisdiction to review this Court's denial of Dickson's motion to dismiss. Dickson, a private citizen, has no claim to sovereign immunity. Indeed, in his motion to dismiss, Dickson never asserted that he had sovereign immunity. He argued only that Plaintiffs lack standing to sue him. The denial of a motion to dismiss on a ground other than immunity is not immediately appealable, *Newball*, 803 F.2d at 824, nor has Dickson attempted to move this Court for certification of appeal from that order under 28 U.S.C. § 1292(b). Dickson therefore has no right to immediately appeal from this Court's August 25 Order.

Nor can Dickson piggyback off the other Defendants' appeals. The Supreme Court has held that "there is no 'pendent party' appellate jurisdiction." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995). Because Dickson has no right to immediately appeal, the Fifth Circuit lacks jurisdiction to consider the denial of his motion to dismiss. And even if it did not, there is no impediment to this Court's continuing exercise of its jurisdiction. *See Wright & Miller*, Interlocutory Injunction Appeals—Trial Court Action Pending Appeal, 16 Fed. Prac. & Proc. Juris. § 3921.2 (3d ed. 2008); *see also La. State Conf. of NAACP v. Louisiana*, 495 F. Supp. 3d 400, 416–20 (M.D. La. 2020) (certifying order for interlocutory appeal under 28 U.S.C. § 1292(b) but denying motion to stay district court proceedings).

Thus, this Court could deny the motion to stay on Dickson's behalf without more; however, to protect its future rulings from collateral attacks by Dickson, it may wish to include in its denial of the stay a finding that, to the extent such certification is necessary, Dickson's appeal is also

---

is not inextricably intertwined with sovereign immunity. "Following *Swint*, [the Fifth Circuit] has held that, '[pendent] appellate jurisdiction is only proper in rare and unique circumstances where a final appealable order is inextricably intertwined with an unappealable order or where review of the unappealable order is necessary to ensure meaningful review of the appealable order.'" *Byrum v. Landreth*, 566 F.3d 442, 449 (5th Cir. 2009) (citations omitted).

frivolous and dilatory.

## CONCLUSION

Plaintiffs respectfully request that the Court (1) make a written certification with an express finding that Defendants' appeal of the Court's August 25 Order is frivolous and dilatory, (2) deny Defendants' motion to stay, and (3) proceed to decide Plaintiffs' pending and fully briefed motion for a preliminary injunction.

Dated: August 26, 2021

Respectfully submitted,

*/s/ Marc Hearron*
Christen Mason Hebert
(Texas Bar No. 24099898)
Johns & Hebert PLLC
2028 East Ben White Blvd
Suite 240-1000
Austin, TX 78741
(512) 399-3150
chebert@johnshebert.com

*Attorney for all Plaintiffs*

Marc Hearron (Texas Bar No. 24050739)*
Center for Reproductive Rights
1634 Eye St., NW, Suite 600
Washington, DC 20006
(202) 524-5539
mhearron@reprorights.org

Molly Duane*
Kirby Tyrrell*
Melanie Fontes*
Nicolas Kabat*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3631
mduane@reprorights.org
ktyrrell@reprorights.org
mfontes@reprorights.org
nkabat@reprorights.org

Jamie A. Levitt*
J. Alexander Lawrence*
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 468-8000
jlevitt@mofo.com
alawrence@mofo.com

*Attorneys for Whole Woman's Health, Whole Woman's Health Alliance, Marva Sadler,*

Julie Murray*
Richard Muniz*
Planned Parenthood Federation of America
1110 Vermont Ave., NW Ste. 300
Washington, DC 20005
(202) 973-4997
julie.murray@ppfa.org
richard.muniz@ppfa.org

*Attorneys for Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Planned Parenthood Center for Choice, and Dr. Bhavik Kumar*

Julia Kaye*
Brigitte Amiri*
Chelsea Tejada*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
jkaye@aclu.org
bamiri@aclu.org
ctejada@aclu.org

Lorie Chaiten*
American Civil Liberties Union Foundation
1640 North Sedgwick Street
Chicago, IL 60614
(212) 549-2633
rfp_lc@aclu.org

Adriana Pinon (Texas Bar No. 24089768)
David Donatti (Texas Bar No. 24097612)
Andre Segura (Texas Bar No. 24107112)
ACLU Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, TX 77007

*Southwestern Women's Surgery Center, Allison Gilbert, M.D., Brookside Women's Medical Center PA d/b/a Brookside Women's Health Center and Austin Women's Health Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Houston Women's Reproductive Services, Reverend Daniel Kanter, and Reverend Erika Forbes*

Tel. (713) 942-8146
Fax: (713) 942-8966
apinon@aclutx.org
ddonatti@aclutx.org
asegura@aclutx.org

*Attorneys for Houston Women's Clinic*

Stephanie Toti
LAWYERING PROJECT
41 Schermerhorn Street #1056
Brooklyn, NY 11201
(646) 490-1083
stoti@lawyeringproject.org

Rupali Sharma*
LAWYERING PROJECT
197 Pine Street, Apt. 23
Portland, ME 04102
(908) 930-6445
rsharma@lawyeringproject.org

*Attorneys for The Afiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund*

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on this 26th day of August 2021, I electronically filed a copy of the above document with the Clerk of the Court using the CM/ECF system.

                                              */s/ Marc Hearron*_____
                                              Marc Hearron