IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WHOLE WOMEN'S HEALTH, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:21-CV-616-RP |
| JUDGE AUSTIN REEVE JACKSON, et. al., | § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendants' opposed motion to stay case and vacate the preliminary injunction hearing. (Dkt. 84). Plaintiffs filed a response, (Dkt. 86), and Defendants' filed a reply, (Dkt. 87). Having reviewed the parties' briefs and the relevant law, the court will grant in part and deny in part Defendants' motion.

Defendants ask the Court to stay this case and vacate the upcoming preliminary injunction hearing because they have appealed this Court's order denying their motions to dismiss, (Order, Dkt. 82; Not. Appeal, Dkt. 83). Defendants argue that this Court lacks jurisdiction over this case because they have appealed the Court's denial of their claims of sovereign immunity under the collateral order doctrine. (Dkt. 84, at 1). Under the collateral order doctrine, Defendants may appeal a denial of a motion to dismiss asserting sovereign immunity. (*Id.*) (citing *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 411–12 (5th Cir. 2004)). In their response, Plaintiffs ask the Court to retain jurisdiction by certifying Defendants' appeal as "frivolous or dilatory." (Dkt. 86, at 2) (citing *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 399 (5th Cir. 2017)). The Court is unwilling to make an "express finding of frivolousness" as to Defendants' appeal and rejects Plaintiffs' invitation to do so at this time. *BancPass, Inc.*, 863 F.3d at 400.

Nonetheless, the Court finds that only Defendants Allison Vordenbaumen Benz, Stephen Brint Carlton, Ken Paxton, Katherine A. Thomas, Cecile Erwin Young, Austin Reeve

1

Jackson, Penny Clarkston ("the State Defendants") have asserted that they are immune from suit under the doctrine of sovereign immunty. (*See* Mots. Dismiss, Dkts. 48, 49, 50, 51). The Court will thus grant Defendants' motion as to the State Defendants.

Defendant Mark Lee Dickson ("Dickson"), however, has not asserted that he is entitled to sovereign immunity, and as a private actor, he could not make such a claim. As Defendants acknowledge in their reply, their appeal has only divested this Court of jurisidiction as to the State Defendants. (Reply, Dkt. 87, at 1). Defendants attempt to couch Dickson's standing to appeal this Court's order by citing to cases dealing with appeals of final orders or interlocutory appeals by state actors claiming sovereign immuntiy. (Dkt. 87, at 2) (citing *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013); *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002) (court reviewed subject matter jurisdiction in state health official's collateral order doctrine appeal of denial of motion to dismiss)). None of these cases are relevant here. Given that Dickson has made no claim to sovereign immunity, the denial of his motion to dismiss is not appealable. *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 824 (5th Cir. 1986). Moreover, Dickson does not provide the Court with a legitimate independent basis for staying the proceedings as to him. Finding that Dickson has not shown good cause as to why the proceedings against him should not go forward, the Court denies Defendants' motion as to Dickson.

Accordingly, **IT IS ORDERED** that Defendants' opposed motion to stay case and vacate the preliminary injunction hearing, (Dkt. 84), is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion is granted as to the State Defendants and denied as to Dickson.

**SIGNED** on August 27, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE