**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| WHOLE WOMAN'S HEALTH, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> AUSTIN REEVE JACKSON, in his official capacity as Judge of the 114th District Court, and on behalf of a class of all Texas judges similarly situated, *et al.*, <br><br> *Defendants*. | Civil Action No.: 1:21-cv-00616-RP |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' AMENDED MOTION TO DISMISS IN PART FOR LACK OF SUBJECT-MATTER JURISDICTION**

The U.S. Supreme Court's December 10, 2021, decision and the Fifth Circuit's April 26, 2022, order require dismissal of Claims 1 through 5 of the complaint, which challenge Texas's six-week abortion ban and vigilante enforcement scheme created by Section 3 of Senate Bill 8, 87th Leg., Reg. Sess. (2021) ("S.B. 8").

Defendants also seek to dismiss Claims 6 and 7 of the complaint against Defendants Jackson and Clarkston only. Claims 6 and 7 challenge Section 4 of S.B. 8, which provides for attorney's fee awards in actions challenging abortion laws. *See* Tex. Civ. Prac. & Rem. Code § 30.022. But Defendants fail to explain why those claims should be dismissed as to Jackson and Clarkston but not as to Defendants Paxton and Dickson. The Supreme Court's decision appears to require dismissal of all claims against all four of those Defendants. Neither the U.S. Supreme Court's decision nor the Fifth Circuit's order supports treating Jackson and Clarkston differently from Paxton and Dickson. Finally, if the Court does dismiss all of Plaintiffs' claims against any

1

Defendant, the Court should expressly retain jurisdiction over any subsequent claims for fees and/or costs incurred in this litigation.

## BACKGROUND

On August 25, 2021, this Court denied Defendants' motions to dismiss all claims. ECF No. 82. That order specifically addressed Plaintiffs' challenges to Section 3 and Section 4 of S.B. 8. *See, e.g.*, *id.* at 20–23. Defendants appealed.

The U.S. Supreme Court granted certiorari before judgment. In so doing, it did not limit its review of this Court's decision; rather it "effectively [stood] in the shoes of the Court of Appeals" and reviewed this Court's decision in full. *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 531 (2021) ("*Whole Woman's Health I*"). As such, the Supreme Court addressed not only Plaintiffs' claims challenging Section 3's abortion ban and private-enforcement mechanism (Claims 1-5), but also those claims challenging Section 4's attorney-fee provision (Claims 6-7).

Indeed, all parties agreed in the Supreme Court that the issues there included whether Plaintiffs' claims concerning S.B. 8's fee-shifting provision can proceed. Plaintiffs contended in the Supreme Court that "the state executive officials named as defendants cause distinct injuries to [plaintiffs] . . . through their ability to sue [plaintiffs] for the collection of fees and costs under S.B. 8's draconian fee-shifting provision." Pet'rs' Br. 2–3, *Whole Woman's Health v. Jackson*, No. 21-463 (U.S. Oct. 27, 2021); *see also id.* at 11–12, 36; Pet. for Writ of Cert. Before J. 9–10, No. 21-463 (U.S. Sept. 23, 2021). The state Defendants argued that the fact that "executive officials could seek attorney's fees as 'prevailing parties' under section 4 of SB 8" did not create an Article III injury, and also that plaintiffs could not pursue their section 4 claim under *Ex parte Young*. Reply Br. for Resp'ts Jackson, et al., 7–8, *Whole Woman's Health v. Jackson*, No. 21-463 (U.S. Oct. 29 2021). And Dickson's brief included six pages of argument under the heading: "The Plaintiffs Lack Standing To Sue Mr. Dickson Over Section 4 Because Mr. Dickson Has No

Intention Of Suing The Plaintiffs Under That Provision." Br. for Resp't Dickson 44–49, *Whole Woman's Health v. Jackson*, No. 21-463 (U.S. Oct. 27, 2021).

The U.S. Supreme Court affirmed in part and reversed in part this Court's order. The Supreme Court held that Defendants Jackson, Clarkston, Paxton, and Dickson should be dismissed and that the case may proceed past the motion-to-dismiss stage against the state licensing officials—Defendants Carlton, Thomas, Benz, and Young:

> (1) The Court unanimously rejects the petitioners' theory for relief against state-court judges and agrees Judge Jackson should be dismissed from this suit. (2) A majority reaches the same conclusion with respect to the petitioners' parallel theory for relief against state-court clerks. (3) With respect to the back-up theory of relief the petitioners present against Attorney General Paxton, a majority concludes that he must be dismissed. (4) At the same time, eight Justices hold this case may proceed past the motion to dismiss stage against Mr. Carlton, Ms. Thomas, Ms. Benz, and Ms. Young, defendants with specific disciplinary authority over medical licensees, including the petitioners. (5) Every Member of the Court accepts that the only named private-individual defendant, Mr. Dickson, should be dismissed.

*Whole Woman's Health I*, 142 S. Ct. at 539.

In holding that the case could proceed past the motion-to-dismiss stage against the state licensing officials, eight Members of the Supreme Court agreed with this Court's conclusion that the licensing officials had state-law authority to enforce S.B. 8. *See id.* at 535–36 (Gorsuch, J., for four Justices) (Licensing officials "may or must take enforcement actions against the petitioners if they violate the terms of . . . S. B. 8. Accordingly, we hold that sovereign immunity does not bar the petitioners' suit against these named defendants at the motion to dismiss stage." (citations omitted)); *id.* at 544 (Roberts, C.J., for four Justices, concurring in the judgment in part and dissenting in part) ("As eight Members of the Court agree, petitioners may bring a pre-enforcement suit challenging the Texas law in federal court . . . because there exist state executive officials who retain authority to enforce it." (citations omitted)).

On remand to the Fifth Circuit, Defendants moved to certify to the Texas Supreme Court a state-law question that the U.S. Supreme Court had just answered: whether the state licensing officials retained authority to enforce S.B. 8. Defs.-Appellants' Mot. to Certify, *Whole Woman's Health v. Jackson*, No. 21-50792 (5th Cir. Dec. 16, 2021), Doc. No. 00516135054.

Defendants also moved, in the alternative, to "set a briefing schedule to resolve the remaining issues in this appeal, including the defendants' jurisdictional objections to the claims involving SB 8's fee-shifting provision." Defs.-Appellants' Mot. to Certify at 7–8. Defendants argued that their jurisdictional objections to those claims "were excluded from the grant of certiorari," "remain[ed] unresolved by any appellate court," and "must be addressed and ruled upon before the appeal concludes and the case is returned to the district court." *Id.* at 8. Plaintiffs responded that the U.S. Supreme Court did not limit the scope of its review of this Court's order and that all parties agreed in their briefing that the fee-shifting provision was within the scope of the Supreme Court's review.

The Fifth Circuit granted Defendants' motion to certify. *Whole Woman's Health v. Jackson*, 23 F.4th 380 (5th Cir. 2022) ("*Whole Woman's Health II*"). In its certification opinion, the Fifth Circuit stated that the "Supreme Court determined that sovereign immunity barred this suit against the other state defendants" (i.e., Jackson and Clarkston), *id.* at 387, that "the private defendant was dismissed for lack of standing," *id.*, and that the "Supreme Court dismissed the Attorney General from this suit," *id.* at 388 n.13.

The Texas Supreme Court accepted certification and held that the licensing officials lack state-law authority to enforce S.B. 8's prohibition on abortion under Section 3. *Whole Woman's Health v. Jackson*, 642 S.W.3d 569 (Tex. 2022) ("*Whole Woman's Health III*").

The Fifth Circuit remanded the case to this Court "with instructions to dismiss all

challenges to the private enforcement provisions of the statute and to consider whether plaintiffs have standing to challenge [Section 4]." *Whole Woman's Health v. Jackson*, 31 F.4th 1004, 1006 (5th Cir. 2022) ("*Whole Woman's Health IV*") (per curiam).

## ARGUMENT

All parties agree that the U.S. Supreme Court's decision requires dismissal of Claims 1 through 5 of the complaint—i.e., the claims concerning the private enforcement scheme for the abortion ban set out in Section 3 of S.B. 8—as to Defendants Jackson, Clarkston, Paxton, and Dickson. Moreover, although Plaintiffs disagree that the Supreme Court's decision left the Fifth Circuit the authority to take any action other than remand to this Court, Plaintiffs recognize—in light of the Texas Supreme Court's decision on the certified questions—that Claims 1 through 5 must also be dismissed against all remaining Defendants, i.e., the licensing officials.

Defendants have also moved to dismiss Claims 6 and 7, but only against Defendants Jackson and Clarkston. Plaintiffs agree that the U.S. Supreme Court's decision requires that result as to Jackson and Clarkston. But for the same reason, the U.S. Supreme Court's decision also appears to require dismissal of Claims 6 and 7 against Paxton and Dickson. *See Whole Woman's Health I*, 142 S. Ct. at 539. Although Defendants do not expressly address the status of Claims 6 and 7 for Paxton and Dickson, there is no principled basis in the U.S. Supreme Court's decision for treating them differently from Jackson and Clarkston, as the Fifth Circuit expressly recognized in its certification order. *See Whole Woman's Health II*, 23 F.4th at 387, 388 n.13.

If the Court dismisses all of Plaintiffs' claims against any Defendant, the Court should expressly retain jurisdiction over any subsequent claims for fees and/or costs incurred in this litigation. This Court is well familiar with this litigation and is best positioned to consider any application for fees and costs. "It is well established that a federal court may consider collateral issues after an action is no longer pending," including "the imposition of costs [and] attorney's

fees." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990). Indeed, "even 'years after the entry of a judgment on the merits' a federal court could consider an award of counsel fees." *Id.* (quoting *White v. N.H. Dept. of Employment Sec.,* 455 U.S. 445, 451, n.13 (1982)); *see also Coward v. AC & S., Inc.*, 91 F. App'x 919, 921–22 (5th Cir. 2004) (unpublished, per curiam) ("[A] court which is divested of jurisdiction over the merits of a matter does not lose jurisdiction on any collateral issues of that matter, such as the awarding of attorney fees."); *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524–25 (5th Cir. 2002) (describing motions for sanctions and attorneys' fees as collateral to the merits (footnote references omitted)); *Bank of N.Y. Mellon v. Grewal*, No. 3:19-CV-01095-M (BT), 2019 WL 3033537, at *1 (N.D. Tex. July 11, 2019) (remanding due to lack of subject-matter jurisdiction and expressly retaining jurisdiction over attorney's fees); *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (explaining that district court can expressly retain jurisdiction to enforce a settlement agreement by including in the order of dismissal a separate provision expressly retaining such jurisdiction).

## CONCLUSION

The Texas Supreme Court's answer to the certified questions requires dismissal of Claims 1 through 5 against the state licensing officials. The U.S. Supreme Court's ruling requires dismissal of all claims against Defendants Jackson, Clarkston, Paxton, and Dickson—but in any event, claims 6 and 7 against Jackson, Clarkston, Paxton, and Dickson should rise or fall together. In dismissing all claims against any Defendant, the Court should expressly retain jurisdiction over any subsequent claims for fees and/or costs incurred in this litigation.

Dated: June 6, 2022

Respectfully submitted,

*/s/ Marc Hearron*
Marc Hearron (Texas Bar No. 24050739)*
Center for Reproductive Rights
1634 Eye St., NW, Suite 600
Washington, DC  20006
(202) 524-5539
mhearron@reprorights.org

Molly Duane*
Nicolas Kabat*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3631
mduane@reprorights.org
nkabat@reprorights.org

Jamie A. Levitt*
J. Alexander Lawrence*
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 468-8000
jlevitt@mofo.com
alawrence@mofo.com

*Attorneys for Whole Woman's Health, Whole Woman's Health Alliance, Marva Sadler, Southwestern Women's Surgery Center, Allison Gilbert, M.D., Brookside Women's Medical Center PA d/b/a Brookside Women's Health Center and Austin Women's Health Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Houston Women's Reproductive Services, Reverend Daniel Kanter, and Reverend Erika Forbes*

Julie Murray*
Planned Parenthood Federation of America
1110 Vermont Ave., NW Ste. 300
Washington, DC 20005
(202) 973-4997
julie.murray@ppfa.org

*Attorneys for Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Planned Parenthood Center for Choice, and Dr. Bhavik Kumar*

Julia Kaye*
Brigitte Amiri*
Chelsea Tejada*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
jkaye@aclu.org
bamiri@aclu.org
ctejada@aclu.org

Lorie Chaiten*
American Civil Liberties Union Foundation
1640 North Sedgwick Street
Chicago, IL 60614
(212) 549-2633
rfp_lc@aclu.org

Adriana Pinon (Texas Bar No. 24089768)
David Donatti (Texas Bar No. 24097612)
Andre Segura (Texas Bar No. 24107112)
ACLU Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, TX 77007
Tel. (713) 942-8146
Fax: (713) 942-8966

apinon@aclutx.org
ddonatti@aclutx.org
asegura@aclutx.org

*Attorneys for Houston Women's Clinic*

Stephanie Toti
LAWYERING PROJECT
41 Schermerhorn Street #1056
Brooklyn, NY 11201
(646) 490-1083
stoti@lawyeringproject.org

Rupali Sharma*
LAWYERING PROJECT
113 Bonnybriar Rd.South Portland, ME
04106
(908) 930-6445
rsharma@lawyeringproject.org

*Attorneys for The Afiya Center, Frontera
Fund, Fund Texas Choice, Jane's Due
Process, Lilith Fund for Reproductive
Equity, North Texas Equal Access Fund*

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on this 6th day of June 2022, I electronically filed a copy of the above

document with the Clerk of the Court using the CM/ECF system.

_/s/ David Donatti_
David Donatti