IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>AUSTIN REEVE JACKSON, in his official capacity as Judge of the 114th District Court, and on behalf of a class of all Texas judges similarly situated, *et al.*,<br><br>    *Defendants*. | Civil Action No.: 1:21-cv-00616-RP |

**PLAINTIFFS' MOTION TO DISMISS REMAINING CLAIMS WITHOUT PREJUDICE**

On June 24, 2022, this Court dismissed Claims 1 through 5 of the complaint against all Defendants. The Court also dismissed all claims against Defendants Jackson, Clarkston, Paxton, and Dickson and expressly retained jurisdiction over any subsequent claims for fees and/or costs incurred in this litigation.

The only claims remaining in this case are Claims 6 and 7 against the state-licensing-official defendants. With respect to those remaining defendants, Claims 6 and 7 assert that any claims for fees and/or costs that they may assert under Tex. Civ. Prac. & Rem. Code Ann. § 30.022 are preempted and unconstitutional. Complaint, ECF No. 1, ¶¶ 155–63.

Plaintiffs are willing to dismiss Claims 6 and 7 without prejudice to their ability to assert preemption, unconstitutionality, and any other defenses in response to any subsequent claims that the remaining defendants may assert under Tex. Civ. Prac. & Rem. Code Ann. § 30.022. Plaintiffs request that the Court also expressly retain jurisdiction over any subsequent claims for fees and/or

costs incurred in this litigation, just as the Court did when it previously dismissed all claims against Defendants Jackson, Clarkston, Paxton, and Dickson. "It is well established that a federal court may consider collateral issues after an action is no longer pending," including "the imposition of costs [and] attorney's fees." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990). Indeed, "even 'years after the entry of a judgment on the merits' a federal court could consider an award of counsel fees." *Id.* (quoting *White v. N.H. Dept. of Employment Sec.,* 455 U.S. 445, 451, n.13 (1982)); *see also Coward v. AC & S., Inc.*, 91 F. App'x 919, 921–22 (5th Cir. 2004) (unpublished, per curiam) ("[A] court which is divested of jurisdiction over the merits of a matter does not lose jurisdiction on any collateral issues of that matter, such as the awarding of attorney fees."); *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524–25 (5th Cir. 2002) (describing motions for sanctions and attorneys' fees as collateral to the merits (footnote references omitted)); *Bank of N.Y. Mellon v. Grewal*, No. 3:19-CV-01095-M (BT), 2019 WL 3033537, at *1 (N.D. Tex. July 11, 2019) (remanding due to lack of subject-matter jurisdiction and expressly retaining jurisdiction over attorney's fees); *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (explaining that district court can expressly retain jurisdiction to enforce a settlement agreement by including in the order of dismissal a separate provision expressly retaining such jurisdiction).

## CONCLUSION

Plaintiffs request that the Court dismiss all remaining claims against the remaining defendants (Claims 6 and 7) without prejudice and that the Court expressly retain jurisdiction over any subsequent claims for fees and/or costs incurred in this litigation.

Dated: June 15, 2023

Respectfully submitted,

*/s/ Marc Hearron*

Marc Hearron (Texas Bar No. 24050739)*
Center for Reproductive Rights
1634 Eye St., NW, Suite 600
Washington, DC  20006
(202) 524-5539
mhearron@reprorights.org

Molly Duane*
Nicolas Kabat*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3631
mduane@reprorights.org
nkabat@reprorights.org

Jamie A. Levitt*
J. Alexander Lawrence*
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 468-8000
jlevitt@mofo.com
alawrence@mofo.com

*Attorneys for Whole Woman's Health, Whole Woman's Health Alliance, Marva Sadler, Southwestern Women's Surgery Center, Allison Gilbert, M.D., Brookside Women's Medical Center PA d/b/a Brookside Women's Health Center and Austin Women's Health Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Houston Women's Reproductive Services, Reverend Daniel Kanter, and Reverend Erika Forbes*

Jennifer Sandman*
Planned Parenthood Federation of America
1110 Vermont Ave., NW Ste. 300
Washington, DC 20005
(202) 973-4997
jennifer.sandman@ppfa.org

*Attorneys for Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Planned Parenthood Center for Choice, and Dr. Bhavik Kumar*

Julia Kaye*
Brigitte Amiri*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2633
jkaye@aclu.org
bamiri@aclu.org

Lorie Chaiten*
American Civil Liberties Union Foundation
1640 North Sedgwick Street
Chicago, IL 60614
(212) 549-2633
Lchaiten@aclu.org

Adriana Pinon (Texas Bar No. 24089768)
David Donatti (Texas Bar No. 24097612)
ACLU Foundation of Texas, Inc.
5225 Katy Freeway, Suite 350
Houston, TX 77007
Tel. (713) 942-8146
Fax: (713) 942-8966
apinon@aclutx.org
ddonatti@aclutx.org

*Attorneys for Houston Women's Clinic*

Stephanie Toti
LAWYERING PROJECT
41 Schermerhorn Street #1056
Brooklyn, NY 11201
(646) 490-1083
stoti@lawyeringproject.org

*Attorney for The Afiya Center, Frontera Fund, Fund Texas Choice, Jane's Due Process, Lilith Fund for Reproductive Equity, North Texas Equal Access Fund*

\*Admitted *pro hac vice*

CERTIFICATE OF SERVICE

I certify that on this 15th day of June 2023, I electronically filed a copy of the above document with the Clerk of the Court using the CM/ECF system.

/s/ Marc Hearron
Marc Hearron